CC-2001-858                                                        1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Departamento de la Familia <br>    Recurrido <br><br>              v. <br><br> Wandaliz Ramos <br>    Recurrida <br><br> Procurador Especial de Maltrato <br> de Menores <br>       Peticionario | Certiorari <br><br> 2003 TSPR 37 <br><br> 158 DPR ____ |

Número del Caso: CC-2001-858


Fecha: 6 de marzo de 2003


Tribunal de Circuito de Apelaciones:
                        Circuito Regional IV

Juez Ponente:
                        Hon. Yvonne Feliciano Acevedo


Oficina del Procurador General:
                        Lcda. Iris M. Barreto Saavedra
                        Procuradora General Auxiliar


Abogados de la Parte Recurrida:
                        Lcdo. Luis A. Loperena González
                        Lcdo. Carlos R. Ferreris Hernández


Materia: Ley de Amparo a Menores en el Siglo XXI




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**


**Departamento de la Familia**
    **Recurrido**

        **v.**                    **CC-2001-858      Certiorari**

**Wandaliz Ramos**
     **Recurrida**

**Procurador Especial de**
**Maltrato de Menores**
     **Peticionario**


**Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton**


San Juan, Puerto Rico, a 6 de marzo de 2003.

En el presente recurso nos corresponde determinar si el Tribunal de Primera Instancia, Sala Superior, Asuntos de Familias, tiene competencia para celebrar una vista ordinaria, luego de haber sido denegada, por un Juez Municipal, una solicitud de custodia provisional de emergencia de un menor, a tenor con la Ley Núm. 342 de 16 de diciembre de 2001, 8 L.P.R.A. 441 *et seq.* (en adelante, "Ley para el Amparo a Menores" o "Ley 342"). Por entender que el Tribunal de Primera Instancia, Sala Superior, Asuntos de Familias, tiene competencia en tales circunstancias,

revocamos la Sentencia del Tribunal de Circuito de Apelaciones.

I

El 16 de marzo de 2001, el Departamento de la Familia presentó, ante el Juez Municipal de Moca, una solicitud de custodia de emergencia en interés de una menor de cuatro (4) años de edad, a tenor con la Ley para el Amparo de Menores. En dicha petición se le solicitó al Tribunal que privara provisionalmente a la Sra. Wandaliz Ramos, madre de la menor, de la custodia de la niña, y que se autorizara al Departamento a darle tratamiento sicológico a la menor.

La petición presentada ante el Juez Municipal de Moca alegaba que la menor exhibía conducta sexualizada en el centro escolar al cual asistía, consistente en manipular sus genitales con diversos objetos. La conducta manifestada por la menor, según alega el Departamento de Familia, se debía a que la niña fue expuesta a presenciar las relaciones sexuales sostenidas por su madre y el compañero consensual de ésta.

El Juez Municipal de Moca denegó la petición de custodia de emergencia realizada por el Departamento de la Familia. En vista de ello, el Departamento acudió entonces al Tribunal de Primera Instancia, Sala Superior de Aguadilla, Asuntos de Familia, solicitando la celebración de una *vista en alzada*. Debemos aclarar que, aunque la parte

peticionaria, solicitó una *"vista en alzada"* ante la Sala de Asuntos de la Familia del Tribunal de Primera Instancia*,* de los alegatos y la prueba presentada ante nos se desprende que, lo que en realidad se solicitó fue una vista de custodia en su fondo.

**El Tribunal de Primera Instancia determinó que dicho foro no tenía jurisdicción para ventilar el caso a tenor con lo dispuesto por el Art. 51 de la Ley 342, *ante,* el cual dispone que cualquiera de las partes podrá radicar ante el Tribunal de Circuito de Apelaciones, un *recurso de revisión* de la resolución emitida por el Tribunal de Primera Instancia.**

**Inconforme, el Procurador de la Familia, Especial para Situaciones de Maltrato, (en adelante, Procurador de la Familia), quien había comparecido ante el Tribunal de Primera Instancia, Sala Superior, Asuntos de la Familia, como representante de la menor en cuestión, acudió ante el Tribunal de Circuito de Apelaciones alegando que incidió el Tribunal de Primera Instancia al determinar que no tenía jurisdicción para ventilar la referida controversia. El Tribunal de Circuito de Apelaciones, a su vez, confirmó al Tribunal de Primera Instancia y señaló que, el Art. 51 de la Ley Para el Amparo de Menores, 8 L.P.R.A. § 443p, prescribe que cualquiera de las partes involucradas en el proceso que esté inconforme con la decisión promulgada por el Tribunal de Primera Instancia, puede acudir ante dicho foro apelativo y**

solicitar una revisión de la decisión emitida. Debido a que el Art. 9.001 de la Ley de la Judicatura de 1994, 4 L.P.R.A. 23c, consolidó al Tribunal Municipal y al Tribunal Superior en un solo Tribunal de Primera Instancia, el foro apelativo concluyó que las determinaciones de un Juez Municipal se revisan pues, ante el Tribunal de Circuito de Apelaciones. En vista de ello, el foro apelativo resolvió que la solicitud presentada por el Procurador de la Familia ante el Tribunal de Primera Instancia, fue contraria al procedimiento establecido por la Ley 342 ya que la misma debió haber sido presentada ante el Tribunal de Circuito de Apelaciones.

Es de esta decisión que recurre ante nos el Procurador de la Familia, representado por el Procurador General, quien alega, en esencia, que erró el foro apelativo al resolver que el Tribunal de Primera Instancia, Sala Superior, Asuntos de la Familia, no tenía jurisdicción para celebrar una vista ordinaria de una petición de custodia de un menor alegadamente maltratado, y al determinar que lo que procedía en dicho caso, era recurrir de la decisión del Juez Municipal directamente ante el Tribunal de Circuito de Apelaciones.

Oportunamente expedimos el auto solicitado. Aunque la madre de la menor tuvo suficiente tiempo para contestar los señalamientos del Procurador de la Familia, no presentó alegato alguno ante esta Curia. Así pues, luego

**de examinar la comparecencia del Procurador de la Familia, resolvemos.**

II

La Ley para el Amparo a Menores en el Siglo XXI fue aprobada en 1999 con el propósito de proteger del maltrato a los menores de dieciocho (18) años de edad, de manera que éstos puedan vivir en un ambiente seguro y saludable que promueva su desarrollo social, emocional, intelectual y físico. A tales efectos, dicha ley provee para que se prive al padre, madre o persona encargada del bienestar del menor de la custodia y/o de la patria potestad de éstos, cuando el bienestar o la seguridad de los menores está en peligro.[1]

Según la exposición de motivos de la referida ley, la política pública del Estado respecto al maltrato de menores, es reconocer, como consideración prevaleciente, el mejor bienestar del menor. Así pues, se dispone expresamente que el derecho de los menores a ser protegidos del maltrato, prevalecerá sobre la unidad familiar cuando ello sea necesario para salvaguardar el mejor bienestar del menor. Se decreta además que dicha ley siempre se interpretará de forma que garantice el mejor interés del menor.

---

[1] Exposición de Motivos de la Ley Núm. 342 de 16 de diciembre de 2001, 8 L.P.R.A. 441 *et seq*.

En pos de velar por el mejor interés de los menores, el Art. 14 de la ley, 8 L.P.R.A. 442, le encomendó al Departamento de la Familia la implantación de la política pública enunciada, y la responsabilidad de iniciar los procedimientos para que un tribunal decrete la privación de custodia o de la patria potestad, cuando la persona responsable del menor no pueda garantizar su seguridad y bienestar.

A tales efectos, se estableció un procedimiento judicial para la protección de los menores en casos de maltrato. El Art. 37, 8 L.P.R.A. 443b, dispone que <u>la competencia de todas las situaciones de maltrato que necesiten la intervención del tribunal, corresponderá al Tribunal de Primera Instancia, Sala Superior, Asuntos de Familias.</u> No obstante lo antes dicho, el referido artículo hace la salvedad de que en los casos de emergencia en que esté envuelta la protección a un menor que haya sido o sea víctima de maltrato o negligencia, y donde la intervención <u>inminente</u> del Estado sea necesaria para la seguridad de dicho menor, se procederá según lo establecido en el Art. 35 de la ley, 8 L.P.R.A. 443.

El procedimiento especial de emergencia establecido en el artículo 35, *ante*, fue concebido por el legislador en miras de obtener un remedio expedito, para circunstancias que, por su naturaleza apremiante, no permiten aguardar por el procedimiento ordinario de privación de custodia, y que ameritan una intervención inminente del Estado para

asegurar la protección del menor. Para atender tales situaciones especiales de emergencia, se estableció un procedimiento rápido y sencillo, en ocasiones Ex Parte, que podrá ventilarse ante cualquier Juez del Tribunal de Primera Instancia, y el cual de ordinario se origina ante un Juez Municipal.

A tales efectos, el Artículo 35, *ante*, provee para que un técnico de servicios o trabajador social del Departamento de la Familia comparezca ante un Juez del Tribunal de Primera Instancia, ya fuera Superior o Municipal, y bajo juramento, de forma breve y sencilla, y utilizando un formulario preparado por la Oficina de Administración de Tribunales al efecto, declare que la seguridad y bienestar de determinado menor peligra por lo que se debe tomar acción inmediata para su protección. Cabe mencionar, que en esta etapa de los procedimientos, debido a la rapidez que usualmente exigen las circunstancias, de ordinario, ninguna de las partes está representada por abogado.

Dicho artículo establece además, que cualquier orden expedida de emergencia por un tribunal de instancia,[2] se notificará a la Sala Superior, Asuntos de la Familia, dentro de las veinticuatro (24) horas de haber sido expedida la misma, a los efectos de que la Sala de Asuntos de Familias, pueda continuar con los procedimientos de rigor en estos casos.

Del texto de dicho artículo se desprende que las decisiones que toma el juez en un procedimiento de emergencia no tienen carácter de finalidad y que, por el contrario, toda decisión de privación de custodia que tome es una provisional, sujeta a los procedimientos posteriores a llevarse a cabo en el Tribunal de Primera Instancia, Sala Superior, Asuntos de Familias.

Lo antes transcrito es cónsono con lo establecido en la Ley Núm. 149 de 23 de julio de 1974, 32 L.P.R.A. § 2871, según enmendada, conocida como la "Ley de Controversias y Estados Provisionales de Derecho". (en adelante, "Ley de Estados Provisionales"). Según lo dispone esta ley, el propósito de dicha legislación, es establecer un procedimiento de ley rápido, económico y eficiente para la adjudicación <u>provisional</u> de controversias por los Jueces Municipales y los Jueces de Distrito.[3]  En la Exposición de Motivos de la referida legislación, se establece que: "esta ley crea un procedimiento sencillo y rápido facultando a los Jueces Municipales...a establecer en ciertos asuntos estados provisionales de derecho, fijando y determinando las relaciones y derechos de las partes envueltas. <u>Tal determinación no constituirá cosa juzgada[,] ni impedirá su ventilación mediante los cursos ordinarios de la ley.</u>"[4]

---

[2] Con excepción de la orden para tratamiento médico.
[3] Exposición de Motivos de la Ley Sobre Controversias y Estados Provisionales de Derecho, 32 L.P.R.A. § 2871.
[4] *Id.*

El Art. 2 de dicha legislación, 32 L.P.R.A. § 2872, faculta a los Jueces Municipales a intervenir, investigar, ventilar y resolver, _provisionalmente_, ciertas controversias, a solicitud de parte interesada, según los procedimientos establecidos en la propia ley.[5] Entre las facultades específicas conferidas a dichos magistrados, se encuentra la de resolver controversias en las cuales se alegue que el padre, madre o tutor de un menor o incapacitado no esté cumpliendo con su deber de velar por el bienestar del menor.[6] Es decir, dicha ley faculta a los Jueces Municipales a resolver _provisionalmente,_ situaciones referentes al bienestar de los menores.

En cuanto a las ordenes emitidas por los Jueces Municipales, el Art. 5 de la Ley de Estados Provisionales, 32 L.P.R.A. § 2874, decreta que la misma será inapelable, pero no constituirá cosa juzgada respecto a ninguno de los asuntos adjudicados en la misma. Por otro lado, dicho artículo dispone que, tampoco se impedirán trámites ulteriores solicitando otros derechos relacionados con el asunto en cuestión.

Como se puede colegir, la Ley de Estados Provisionales es análoga a la Ley para el Amparo de Menores. Ambas establecen procedimientos para situaciones que por su naturaleza, como en el caso de maltrato o negligencia de

---

[5] Es menester señalar que dichos procedimientos son análogos a los establecidos en el procedimiento de emergencia de la Ley para el Amparo de Menores.

menores, requieren una intervención informal y rápida por parte de nuestro ordenamiento judicial. Ambas leyes también delimitan las facultades otorgadas a los jueces en situaciones donde lo que se otorga es un estado provisional de derecho.

La Ley para el Amparo de Menores, sin embargo, es aún más detallada y precisa que la Ley de Estados Provisionales, ya que la misma se creó exclusivamente para atender la problemática del maltrato de menores. La misma claramente dispone que la competencia del tribunal de instancia para intervenir en los casos de emergencia, está limitada a atender, únicamente, la situación de emergencia. Es decir, dichos jueces no están autorizados a retener el caso para dilucidar, en sus méritos, la situación de maltrato. Dicha competencia se le reservó exclusivamente a las Salas de Asuntos de Familias.

Lo antes dicho es cónsono con el propósito de la ley que hoy analizamos, la cual decreta que las controversias de maltrato se vean ante el Tribunal de Primera Instancia, Sala Superior, Asuntos de Familias, a fin de garantizar el mejor interés de los menores. Así pues, podemos observar que el procedimiento que establece la ley es uno razonable. Le confiere la competencia a las salas con más experiencia y conocimientos sobre los problemas de las familias para que sean éstas las que diluciden las controversias de

---

[6] Véase el Art. 2 inciso (k), de la Ley de Controversias y Estados provisionales, 32 L.P.R.A. § 2872,

maltrato en sus méritos y, al mismo tiempo, provee un procedimiento especial rápido y sencillo para atender las situaciones de emergencia donde la dilación de un procedimiento ordinario sería detrimental para el bienestar del menor.

El Artículo 38 de la ley, 8 L.P.R.A. 443c, por su parte, establece los trámites posteriores ante el Tribunal de Primera Instancia, Sala Superior, Asuntos de Familias, luego de adjudicado el procedimiento de emergencia. Dicho artículo dispone para la celebración de una vista dentro de los veinte (20) días siguientes a la determinación de custodia de emergencia o de la medida provisional que se hubiere tomado. Se provee además para que los intereses del menor alegadamente víctima del maltrato, sean representados por un Procurador de la Familia, Especial para Situaciones de Maltrato, y se reconoce el derecho a las partes a estar representadas por un abogado. Es en esta vista ante el Tribunal de Primera Instancia, Sala Superior, Asuntos de Familias que se ve el caso en su fondo, se presenta la evidencia correspondiente, y se protege el derecho de las partes a un debido proceso de ley.

Como se puede advertir, el lenguaje de la Ley 342 no provee para una situación como la de autos en la cual se deniegue una solicitud de custodia provisional de emergencia. Ello, ya que la ley, en miras de proteger los derechos de todas las partes envueltas, dirige su enfoque a pautar el proceso judicial a seguir en circunstancias donde

sí hay una declaración de custodia de emergencia. Dicha laguna, no obstante, no impide que interpretemos la ley de modo que alcancemos una solución justa y acorde con el propósito de esta legislación que hoy discutimos.

Ello es así, ya que la denegatoria de la solicitud de custodia de emergencia, no necesariamente significa que el tribunal ha resuelto que el niño no es víctima de algún tipo de maltrato o negligencia. Dicho procedimiento simplemente establece que la situación presentada ante el tribunal de instancia, no constituye una situación de emergencia que amerite una orden provisional de privación de custodia de emergencia, que por su naturaleza, se dicta sin proveerle a los padres o custodios un debido proceso de ley. Así pues, la denegatoria de una orden de custodia de emergencia no libera al Estado de su obligación de proteger a los menores de edad en casos de maltrato o negligencia, ni limita la facultad del Departamento de la Familia o de los Procuradores Especiales de Menores de proseguir con el asunto de la manera que mejor beneficie al menor.

En el presente recurso, el Tribunal de Circuito de Apelaciones determinó que el foro con competencia para revisar una determinación de un Juez Municipal declarando No Ha Lugar una solicitud de custodia de emergencia, era el Tribunal de Circuito de Apelaciones. Fundamentó su decisión en el Art. 51 de la Ley 342, *ante*, 8 L.P.R.A. 443p, el cual dispone que cualquiera de las partes podrá radicar ante el Tribunal de Circuito de Apelaciones un recurso de revisión

de la resolución emitida por el Tribunal de Primera Instancia dentro de los treinta (30) días siguientes a la decisión del tribunal.

En primer lugar, debemos aclarar que lo que el Departamento de la Familia le solicitó al Tribunal de Primera Instancia, Sala Superior, Asuntos de Familia, no fue una *revisión* del dictamen emitido por el Juez Municipal, sino una <u>vista formal de privación de custodia.</u> Es menester señalar además, que lo que el artículo 51 de la Ley 342, ante, provee, es que se revisen ante el Tribunal de Circuito de Apelaciones, las resoluciones de las <u>vistas formales</u> que se llevan a cabo ante el Tribunal de Primera Instancia, Sala Superior, Asuntos de Familias; y no la revisión de las órdenes provisionales emitidas por los Jueces Municipales.

Tal conclusión se puede colegir no sólo de un análisis ponderado de la Ley 342, sino también de la propia función revisora que ejercen los tribunales apelativos.[7] Tomamos conocimiento judicial de que las vistas en los casos de custodia a nivel municipal, no se graban a menos que el juez que preside dicha vista, específicamente, solicite ese servicio. Es decir, como regla general, dichas salas no llevan un récord de los procedimientos que se ventilan ante sí que pueda ser transcrito y elevado al foro apelativo. El

---

[7] Dicha conclusión es cónsona además con lo establecido en la Ley de Estados Provisionales, que decreta que las ordenes provisionales emitidas por los Jueces Municipales no son revisables.

asunto es aún más crítico si consideramos que, de ordinario, los procedimientos de custodia de emergencia se llevan a cabo fuera de horas laborables, lo que hace aún más evidente la inexistencia de un récord de los procedimientos en cuestión. Además, como mencionáramos anteriormente, en la inmensa mayoría de estos casos las partes comparecen ante el Juez Municipal sin representación legal, por lo que tampoco podríamos depender de una exposición narrativa de la prueba preparada por las partes. Por ende, decretar que el Tribunal de Circuito de Apelaciones puede revisar una denegación de custodia de emergencia, cuya única pieza evidenciaria es un formulario preparado por la Oficina de Administración de Tribunales, sería un ejercicio fútil de revisión judicial.

Más importante aún, determinar que el foro apropiado para revisar una denegación de custodia provisional de emergencia es el Tribunal de Circuito de Apelaciones, iría en contra de los mejores intereses del menor, y por consiguiente, sería contrario al propósito de la Ley 342 que hoy analizamos. Ello es así, toda vez que una revisión ante el foro apelativo podría constituir un ejercicio procesal inútil, retrasando de ese modo, el procedimiento judicial de obtención de custodia, o cualquier otra medida de protección que se haya solicitado para el menor que se encuentra en la situación de maltrato. Ello, independientemente de que el Tribunal de Circuito de Apelaciones decrete que existía una situación que amerita

la privación de custodia de emergencia, o que se confirme la determinación del Juez Municipal mediante la cual se denegó la custodia provisional de emergencia. El efecto de cualesquiera de estas determinaciones, es que se dilata la vista ante el Tribunal de Primera Instancia, Sala Superior, Asuntos de Familias, en detrimento del menor. Tal interpretación ahogaría el propósito de esta legislación.

Reiteradamente hemos resuelto que es principio cardinal de hermenéutica que al interpretar una ley, o una disposición específica de la misma, los tribunales deben siempre considerar cuáles fueron los propósitos perseguidos por la Asamblea Legislativa al aprobarla. Ello, ya que nuestra determinación debe atribuirle un sentido que asegure el resultado que originalmente se quiso obtener. Así pues, al interpretar y aplicar un estatuto, hay que hacerlo teniendo presente el propósito social que lo inspiró, e interpretar el mismo como un ente armónico, dándole sentido lógico a sus diferentes secciones. *Véase*, Vásquez v. Administración de Reglamentos y Permisos, 128 D.P.R. 513 (1991); González Pérez v. E.L.A., 138 D.P.R. 399 (1995).

Así pues, y a la luz de toda esta normativa, pasemos a discutir la situación que tenemos ante nos.

III

La situación de autos requiere dilucidar, en esencia, si luego de una denegatoria de custodia provisional de emergencia ante un Juez Municipal, la parte interesada

puede acudir al Tribunal de Primera Instancia, Sala Superior, Asuntos de Familias, para solicitar una vista ordinaria de custodia de menores. Resolvemos en la afirmativa.

En el caso de marras, la petición del Departamento de la Familia de la custodia de emergencia fue adecuadamente presentada ante el Juez Municipal de Moca. Dicha solicitud, no obstante, fue denegada.

De haberse declarado con lugar dicha petición de emergencia, el menor hubiese sido removido provisionalmente de ese hogar, y los procedimientos judiciales hubiesen continuado ante el Tribunal de Primera Instancia, Sala Superior, Asuntos de Familias.

Sin embargo, la denegatoria de dicha solicitud no está específicamente contemplada en la Ley 342, aunque sí se puede colegir de una interpretación integral de las disposiciones de dicha ley y su exposición de motivos.

Sería razonable concluir, que si el Departamento de la Familia acudió a los tribunales y solicitó una privación de custodia provisional de emergencia, dicho Departamento tiene motivos para creer, y posiblemente evidencia para sustentar, que el menor se encuentra en una situación de maltrato o negligencia que merece la intervención del Estado. Ello, aún cuando de primera instancia, la situación alegada no amerite una intervención de emergencia. No podemos restringir de manera irrazonable el mandato que

tiene el Departamento de la Familia de velar por la salud y seguridad de nuestros menores.

Así pues, concluimos que luego de una denegatoria de una solicitud de custodia de emergencia, el Juez de Primera Instancia debe notificar a la Sala Asuntos de Familias de dicho distrito, según establece el artículo 35, *ante*, de la mencionada ley, a los efectos de que las salas especializadas puedan continuar con los procedimientos ordinarios de rigor establecidos para este tipo de controversia, de así interesarlo el Departamento de la Familia. Es decir, luego de una denegatoria de una solicitud de custodia provisional de emergencia, a solicitud del Departamento de la Familia, se activará automáticamente el procedimiento ordinario de la Ley Para el Amparo de Menores, y se celebrará, con turno preferente, una vista no más tarde de veinte (20) días siguientes a la denegatoria de la solicitud de emergencia, tal y como dispone el artículo 38 de la ley.

Si el Procurador de la Familia estima que el Tribunal de Primera Instancia, Sala Superior, Asuntos de Familias debe reducir el término provisto por el ordenamiento para garantizar que dicha vista sea celebrada antes de los veinte (20) días, deberá someter su petición debidamente fundamentada, y será la obligación de dicho tribunal atender preferentemente dicha petición, asegurando siempre el bienestar del menor.

Por los fundamentos antes esbozados, procede revocar el dictamen del Tribunal Apelativo, y se devuelve el recurso para que se prosiga ante el Tribunal de Primera Instancia, Sala Superior, Asuntos de Familias, de forma consistente con lo aquí resuelto.

Se dictará la Sentencia correspondiente.

FEDERICO HERNÁNDEZ DENTON
Juez Asociado

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

**Departamento de la Familia**

    **Recurrido**

      **v.**                           **CC–2001–858**       **Certiorari**

**Wandaliz Ramos**
    **Recurrida**

**Procurador Especial de**
**Maltrato de Menores**
    **Peticionario**

SENTENCIA

San Juan, Puerto Rico, a 6 de marzo de 2003.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca el dictamen del Tribunal de Circuito de Apelaciones, y se devuelve el recurso al Tribunal de Primera Instancia, Sala Superior de Aguadilla, Asuntos de Familias, para que se prosiga de forma consistente con lo aquí resuelto.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo