Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| CARLOS M. CASTELLÓN NIGAGLIONI<br><br>Recurrido<br><br>v.<br><br>CONSEJO TITULARES, JUNTA DE DIRECTORES DEL CONDOMINIO VILLA CAPARRA<br><br>Peticionarios | KLCE202400056 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala de Guaynabo<br><br>Civil Núm.: BYL1402023-06894 (101)<br><br>Sobre: Ley 140 |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 13 de marzo de 2024.

Comparece ante nos el Consejo de Titulares del Condominio Villa Caparra Plaza y su Junta de Directores, (en conjunto "Peticionarios"), mediante *Petición de certiorari* presentada el 17 de enero de 2024. Nos solicitan que revisemos la *Orden* emitida y notificada el 12 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Municipal de Guaynabo ("foro primario" o "foro *a quo*"). Mediante la referida orden, el foro primario declaró *No Ha Lugar* la solicitud de desestimación presentada por los Peticionarios.

Adelantamos que, por los fundamentos expuestos a continuación, **expedimos** el auto de *certiorari* y **revocamos** el dictamen recurrido.

### I.

El 20 de septiembre de 2023, el señor Carlos M. Castellón Nigaglioni ("Sr. Castellón Nigaglioni"), el señor Christian Gabriel Ojeda Pérez y su esposa la señora Sofia Teresa Rivera Grunder ("matrimonio Ojeda-Rivera"), (todos en conjunto, "Recurridos"),

instaron una *Querella*[1] al amparo de la *Ley sobre Controversias y Estados Provisionales de Derecho*, Ley Núm. 140 de 23 de junio de 1974, según enmendada, 32 LPRA sec. 2871 *et seq.*, ("Ley sobre Controversias y Estados Provisionales de Derecho"), contra los Peticionarios. En síntesis, la parte Recurrida alegó que el Sr. Castellón Nigaglioni era propietario de un apartamento del Condominio Villa Caparra Plaza ("Condominio") y a su vez, arrendatario de un apartamento perteneciente al matrimonio Ojeda-Rivera. Adujeron que el matrimonio Ojeda-Rivera adquirió un vehículo eléctrico y la señora Evelyn Mojica Machuca, Administradora del Condominio ("Administradora"), les envió una propuesta para instalar en su estacionamiento privado un medidor autocontenido para mantener un récord del consumo del cargador del vehículo, propuesta que alegadamente fue aceptada y sufragados los gastos por dicha parte.

Sin embargo, según alegaron los Recurridos, la Administradora emitió una comunicación al Sr. Ojeda, informándole que el circuito que había sido aprobado para su estacionamiento sería removido. Ello, debido a que en la Asamblea celebrada el 29 de marzo de 2023 se rechazó un proyecto presentado por Junta de Directores. El aludido proyecto estaba dirigido a regular la instalación de metros de uso común para vehículos eléctricos, en los estacionamientos de visitas del Condominio. Siendo así, la Administradora le comunicó que sería removido el cargador de su estacionamiento privado y restringió el servicio eléctrico del receptáculo que utilizaba para recargar el vehículo. Por tales razones, solicitaron los siguientes remedios provisionales: 1) que se ordenara la restitución del servicio eléctrico en el receptáculo del estacionamiento; y 2) que se le brindara un permiso provisional para

---

[1] Apéndice *certiorari*, págs. 1-13.

recargar el vehículo en su estacionamiento privado, bajo su responsabilidad y costo.

Así las cosas, el 2 de noviembre de 2023, los Peticionarios presentaron *Moción de Desestimación.*[2] Por virtud de esta, señalaron que, de conformidad con la *Ley de Condominios de Puerto Rico,* Ley Núm. 129 de 16 de agosto de 2020, según enmendada, 31 LPRA 1921 *et seq.,* ("Ley de Condominios"), el Departamentos de Asuntos del Consumidor ("DACo") ostenta jurisdicción primaria y exclusiva para atender reclamos relacionados a las acciones u omisiones de la Junta de Directores y Administradores de condominios de uso residencial. Sostuvieron que la Ley sobre Controversias y Estados Provisionales de Derecho, *supra,* solo le confiere jurisdicción al foro primario para atender controversias entre vecinos que afecten la convivencia y el orden social. En vista de ello, argumentan procede la desestimación con perjuicio de la reclamación.

En respuesta, el 21 de noviembre de 2023, los Recurridos presentaron su oposición mediante escrito intitulado *Querella.* En este, alegaron que el Artículo 39(a) de la Ley de Condominios, *supra,* faculta al foro primario a emitir cualquier remedio provisional al amparo de la Ley sobre Controversias y Estados Provisionales de Derecho, *supra.* A su vez, sostuvieron que el Artículo 2 de la precitada Ley dispone que el foro primario podrá resolver aquellas controversias en las que se alegue la existencia de perturbaciones que interrumpan el libre uso de la propiedad, como se alega en el presente caso. Siendo así, arguyeron que no procedía la desestimación de la reclamación.

Evaluados los argumentos de las partes, el 1 de diciembre de 2023, notificada el 12 del mismo mes y año, el foro *a quo* emitió la

---

[2] *Íd,* págs. 15-17.

*Orden* recurrida, en la que declaró *No Ha Lugar* la solicitud de desestimación presentada por la parte Peticionaria.

En desacuerdo, el 19 de diciembre de 2023, los Peticionarios presentaron *Moción de Reconsideración*, la cual fue declarada *No Ha Lugar* mediante *Orden* emitida el 20 de diciembre de 2023, notificada el **10 de enero de 2024**. No obstante, el **8 de enero de 2024**, entiéndase antes de que fuera notificada la determinación del foro primario, los Peticionarios acudieron a esta Curia mediante *Petición de Certiorari* acompañada por una *Moción en auxilio de jurisdicción para la paralización de los procedimientos ante el TPI* (KLCE202400021). El 11 de enero de 2024, este Tribunal emitió *Resolución,* en la que se vio obligado a desestimar el recurso por falta de jurisdicción, puesto que su presentación fue prematura. A su vez, declaró *No Ha Lugar* la moción en auxilio de jurisdicción.

El 17 de enero de 2024, los Peticionarios comparecieron nuevamente mediante *Petición de Certiorari,* en la cual le imputaron al foro primario la comisión del siguiente error:

> Erró el TPI al no desestimar el caso ante la clara falta de jurisdicción.

Por su parte, el 9 de febrero de 2024, los Recurridos presentaron su *Oposición al Certiorari* y una *Moción en solicitud de reconsideración, cumplimiento de orden y solicitando se deniegue el auto de certiorari.*

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

## II.
### A. *Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718

(2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc.,* 212 DPR ___ (2023); 2023 TSPR 65 resuelto el 8 de mayo de 2023. Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 213 DPR __ (2023), 2023 TSPR 145, resuelto el 19 de diciembre de 2023. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Ley de Condominios y Jurisdicción de DACo

El Artículo 65 de la Ley de Condominios, *supra,* establece el foro adecuado para atender las impugnaciones de acciones u omisiones de la Junta de Directores, de un Administrador Interino y/o de Acuerdos y Determinaciones del Consejo de Titulares. El referido artículo dispone lo siguiente:

Las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares en los siguientes supuestos:

a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;

b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;

c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.

> Los titulares que sean dueños de apartamentos en condominios que sean dedicados exclusivamente a uso comercial, tendrán que presentar la impugnación ante el Tribunal de Primera Instancia, el cual tendrá jurisdicción primaria y exclusiva. **En el caso de los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor, así como cualquier reclamación presentada en contra del agente administrador.** 31 LPRA sec. 1923j. (Énfasis y subrayado nuestro).

A esos fines, el Art. 66 de la Ley de Condominios, *supra,* añade lo siguiente:

> El Departamento de Asuntos del Consumidor tendrá una División Especial de Adjudicación de Querellas de Condominios, **para atender todo lo relacionado a todo condominio en el que exista por lo menos un apartamento dedicado a vivienda**. [...]. 31 LPRA sec. 1923k. (Énfasis nuestro).

Así pues, acorde con este artículo y con los poderes conferidos por la Ley de Condominios, *supra,* el DACo promulgó el *Reglamento de Condominios*, Reglamento Núm. 9386 de 6 de junio de 2022, ("Reglamento de Condominios"), con el propósito de "proteger a los titulares de apartamentos sometido al Régimen de Propiedad Horizontal y de reconocer el derecho de los mismos al pleno disfrute de su apartamento y de las áreas comunes...". Regla 3 del Reglamento de Condominios, *supra.* En cuanto a la jurisdicción de DACo para atender querellas de condóminos, la Regla 23 del Reglamento de Condominios, *supra,* dispone lo siguiente:

> Las acciones u omisiones de la Junta de Directores, Administrador Interino, Agente Administrador, Sindico, así como los acuerdos del Consejo de Titulares podrán ser impugnados ante el Departamento por los titulares en los siguientes supuestos:
>
> (a) Cuando sean contrarios a la Ley de Condominios de Puerto Rico, la escritura matriz, el reglamento del condominio y a este Reglamento.
>
> (b) Cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular.
>
> (c) Cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.
>
> [...].
>
> II. El Departamento no tendrá jurisdicción para adjudicar querellas que surjan en condominios de uso exclusivamente comercial o profesional. En estos casos la

jurisdicción corresponderá al Tribunal de Primera Instancia. Igualmente quedarán excluidas de la jurisdicción del DACO, las querellas entre titulares o cuando el Consejo de Titulares, el Director o la Junta de Directores presente una reclamación contra uno o varios titulares o residentes del condominio. La jurisdicción para ventilar estas acciones corresponderá al Tribunal de Primera Instancia.

Es notorio que la propia Regla excluyó de la jurisdicción del DACo ciertos asuntos, a saber: (1) querellas que surjan en condominios de uso exclusivamente comercial o profesional; (2) condominios donde exista por lo menos una unidad de vivienda, y la querella sea interpuesta por titulares que sean propietarios de apartamentos no residenciales; (3) cualquier reclamación que consista en cuestionar alguna cláusula de la escritura matriz o el reglamento del condominio inscrito en el Registro de la Propiedad.

La propia Ley de Condominios, *supra*, y el precitado Reglamento sobre Condominios, *supra,* confirió al DACo jurisdicción exclusiva para "adjudicar reclamos que pudieran presentar los condóminos, relativos a la administración del edificio", y para atender todas aquellas acciones de "impugnación de los acuerdos del Consejo de Titulares, las determinaciones, actuaciones u omisiones del Director o la Junta de Directores, relacionadas con la administración de inmuebles que comprendan por lo menos un apartamento destinado a vivienda." *Consejo Titulares v. Gómez Estremera et al.,* 184 DPR 407, 420 (2012).[3]

Por otra parte, el Artículo 39 (b) de la Ley de Condominios, *supra,* establece que las infracciones a los principios generales del uso y disfrute de los apartamentos podrán dar lugar a acciones de daños. En particular, el referido artículo dispone lo siguiente:

El uso y disfrute de cada apartamento estará sometido a las reglas siguientes:

a) En el ejercicio de los derechos propietarios al amparo de esta Ley regirán los principios generales del derecho,

---

[3] Citando a *Amill v. J. Dir. Cond. Pumarada,* 156 DPR 495 (2002); *Consejo Cond. Plaza del Mar v. Jetter,* 169 DPR 643, 659 (2006); *Srio. DACO v. J. Condóminos C. Martí, supra; First Fed. Savs. v. Asoc. de Condómines,* 114 DPR 426 (1983).

particularmente, los enunciados en el Artículo 2 de esta Ley.[4]

b) La infracción de estos principios o la de las reglas enumeradas en los incisos subsiguientes dará lugar al ejercicio de la acción de daños y perjuicios por aquel titular u ocupante que resulte afectado, además de cualquier otra acción que corresponda en derecho, incluidos los interdictos, **las dispuestas en la Ley Núm. 140 de 23 de julio de 1974, según enmendada, conocida como, "Ley Sobre Controversias y Estados Provisionales de Derecho",** y cualquier otro remedio en equidad. La Junta de Directores queda expresamente autorizada a presentar acciones interdictales a nombre del Consejo de Titulares contra aquellos que cometan infracciones a las reglas establecidas en esta Ley. 31 LPRA sec. 1922k. (Énfasis nuestro).

### C. *Ley Sobre Controversias y Estados Provisionales de Derecho*

La Ley Sobre Controversias y Estados Provisionales de Derecho*, supra,* faculta a los jueces municipales a "intervenir, investigar, ventilar y resolver provisionalmente controversias a solicitud de parte interesada, según el trámite dispuesto en esta ley". 32 LPRA sec. 2872. El propósito de dicha legislación es establecer un procedimiento de ley que sea rápido, económico y eficiente para la adjudicación provisional de controversias por jueces municipales. *Dpto. de la Familia v. Ramos*, 158 DPR 888, 897 (2003). Entre sus facultades, el inciso (j) del Artículo 2 de la referida Ley le confiere la autoridad al juez municipal para atender controversias en las que se alegue "la existencia de perturbaciones que fueren perjudiciales

---

[4] El referido Artículo 2 de la Ley de Condominios, *supra,* dispone lo siguiente:

Esta Ley se aprueba con el propósito, entre otros, de viabilizar la propiedad individual sobre un apartamento, que forma parte de un edificio o inmueble sometido al Régimen de Propiedad Horizontal, de acuerdo con los criterios que más adelante se establecen.

El titular de un apartamento sometido al Régimen de Propiedad Horizontal tiene el derecho al pleno disfrute de su apartamento y de las áreas comunes, siempre que con ello no menoscabe el derecho de los demás titulares al disfrute de sus respectivas propiedades.

Cada titular reconoce que el ejercicio del dominio en el Régimen de Propiedad Horizontal está limitado por los derechos de los demás titulares y que el derecho de propiedad sobre su apartamento tiene que ejercerse dentro del marco de la sana convivencia y el respeto al derecho ajeno.

En el ejercicio y el reclamo de sus derechos, los titulares actuarán conforme a los principios de la buena fe, de la prohibición de ir en contra de sus propios actos y la del abuso del derecho. 31 LPRA sec. 1921.

a la salud o a los sentidos, o que interrumpan el libre uso de la propiedad, de modo que impidan el cómodo goce de la vida o de los bienes, de las que dan lugar a una acción bajo el Artículo 277 del Código de Enjuiciamiento Civil, según enmendado, conocido como Ley sobre Perturbación o Estorbo".

De otro lado, el Artículo 5 de la Ley Sobre Controversias y Estados Provisionales de Derecho, *supra,* establece que "[u]na orden resolviendo una controversia y fijando un estado provisional de derecho, según esta ley, será inapelable, pero no constituirá cosa juzgada respecto a ninguno de los puntos adjudicados en la misma ni impedirá ningún otro trámite judicial reclamando daños y perjuicios u otro derecho". 32 LPRA sec. 2875. La propia Ley dispone no se impedirán trámites ulteriores para solicitar otros derechos relacionados con el asunto en cuestión. *Dpto. de la Familia v. Ramos, supra.*

### III.

En el presente recurso, los Peticionarios nos solicitan que revoquemos la *Orden* emitida por el foro primario, en la que decretó que ostenta jurisdicción para emitir un remedio provisional sobre la controversia de autos. Sostienen, además, que procede la desestimación de la querella en su contra, por falta de jurisdicción. A su vez, alegan que la Ley de Condominios, *supra,* otorga jurisdicción primaria y exclusiva sobre la controversia de autos al DACo.

Por su parte, la Recurrida sostiene que este Tribunal de Apelaciones carece de jurisdicción para atender el recurso de epígrafe, puesto que la Ley sobre Controversias y Estados Provisionales de Derecho, *supra,* establece que las determinaciones de un Tribunal Municipal son inapelables. En la alternativa, plantea que tanto la Ley de Condominios, *supra,* como la Ley sobre

Controversias y Estados Provisionales de Derecho, *supra,* faculta al foro primario a emitir cualquier remedio provisional en este caso.

Surge del expediente que los Recurridos presentaron una querella ante el Tribunal de Municipal, al amparo de la Ley sobre Controversias y Estados Provisionales, *supra,* **con el propósito de impugnar una determinación de la Administración del condominio.** Según surge de la querella presentada, la Administradora del condominio ordenó la eliminación de la estación de carga instalada en el estacionamiento de los Recurridos, además de ordenar la restricción del servicio eléctrico al receptáculo de dicho estacionamiento. En particular, los Recurridos establecen lo siguiente:

> La controversia presentada ante el Tribunal Municipal se trata de **la obstrucción que ha llevado la Junta de Directores contra la parte recurrida** de impedirles que conecten su vehículo eléctrico en el receptáculo que tienen en su estacionamiento privado (no comunal) a pesar de hacerse cargo de los gastos de electricidad del equipo, **de haber llevado el procedimiento que inicialmente había provisto la propia Junta por conducto de su Administradora** y cuando la propia Ley Núm. 81 de 2 de julio de 2014, según enmendada, conocida como "Ley para el Fomento de los Vehículos Impulsados Mayormente por Electricidad", en adelante, Ley Núm. 81-2014, así lo establece sin ambages.[5] (Énfasis y subrayado nuestro).

De una lectura al texto antes citado, es evidente que la parte Recurrida esta impugnando una determinación y acción de la administración del condominio y la Junta de Directores. En consecuencia, el foro con jurisdicción para atender esta controversia no es el judicial, sino el administrativo. El legislador fue claro en su intención de delegar las controversias como la que nos ocupa al DACo. Véase 31 LPRA sec. 1923j. Para ello, no solo determinó que la jurisdicción del DACo sería primaria y exclusiva, sino que ordenó la creación de una división especializada para atender estas controversias. Igualmente, el DACo promulgó reglamentación para

---

[5] Véase *Oposición al Certiorari,* pág. 15.

atender casos de esta índole. No empece los artículos 39 (b) de la Ley de Condominios, *supra,* y el Art. 2 (j) de la Ley sobre Controversias y Estados Provisionales, *supra,* proveen para que un condómine pueda solicitar un remedio provisional ante un Tribunal Municipal, ciertamente la controversia de autos donde particularmente se cuestionan las actuaciones de la Junta de Directores y la alegada negativa a que los Recurridos conecten su vehículo eléctrico en el receptáculo que tienen en su estacionamiento privado, son controversias bajo la jurisdicción del DACo.

En cuanto a los argumentos presentados por la parte Recurrida relacionados a que esta Curia carece de jurisdicción porque las determinaciones del foro municipal son inapelables, no le asiste la razón. La determinación recurrida no es una orden fijando un estado provisional de derecho, según establece el Art. 5 de la Ley sobre Controversias y Estados Provisionales, *supra.* Además, las cuestiones relativas a la jurisdicción son de índole privilegiada y deben ser resueltas con preferencia, "pues la falta de jurisdicción no es susceptible de ser subsanada". *Báez Figueroa v. Adm. Corrección,* 209 DPR 288 (2022). Véase, además, *Fuentes Bonilla v. ELA et al,* 200 DPR 364, 372 (2018).

Por lo anterior, resolvemos que el foro primario carece de jurisdicción para atender el caso de epígrafe, por tanto, incidió al declarar *No Ha Lugar* la moción de desestimación presentada por los Peticionarios. Sin embargo, nada impide que los Recurridos presenten sus reclamos ante el DACo y soliciten cualquier remedio que estimen conveniente, mientras se ventilan y adjudican las controversias entre las partes.

**IV.**

Por los fundamentos expuestos, **expedimos** el auto de *certiorari* y **revocamos** el dictamen recurrido. En consecuencia,

desestimamos la querella de epígrafe, por falta de jurisdicción del foro primario para atender la controversia.

**Notifíquese inmediatamente a la Hon. Eillim Torres Ríos y demás partes.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones