ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| REINALDO VÁZQUEZ ORTEGA<br>Peticionario<br><br>v.<br><br>MARCIAL BATISTA<br>MAYRA BATISTA<br>Recurrido | KLCE202401339 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Barceloneta<br><br>Caso Núm. ARL1402024-035214<br><br>Sobre:<br>Ley 140 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de enero de 2025.

Comparece Reinaldo Vázquez Ortega (señor Vázquez Ortega o peticionario) y nos solicita la revocación de la *Resolución* notificada, el 11 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Municipal de Barceloneta (Tribunal Municipal). En esta, el Tribunal Municipal desestimó la solicitud de estado provisional de derecho que interpuso el peticionario, al amparo de la Ley Núm. 140 de 23 de julio de 1974, según enmendada, conocida como la Ley sobre Controversias y Estados Provisionales de Derecho (Ley Núm. 140), 32 LPRA secs. 2871 *et seq.*

Por los fundamentos que exponemos a continuación, expedimos el auto de *certiorari* y revocamos el dictamen recurrido.

## I.

El 23 de mayo de 2024, el peticionario instó una *Querella* en contra de Marcial Batista a/c Mayra Batista (señor Batista o recurrido) al amparo de la Ley Núm. 140, *supra.*[1] El peticionario

---

[1] Apéndice, pág. 6.

Número Identificador

SEN2025_____

aseguró ser uno de los dueños y administrador de la finca que se describe a continuación:

> RÚSTICA: Finca en el Barrio Florida Afuera del término municipal de Barceloneta, lugar denominado La Quebrada de dieciocho cuerdas (18.00 cdas). Colindando por el Norte, con propiedad del Municipio de Barceloneta; por el Sur y Este, con Lorenzo Maldonado y por el Oeste, con Starlink Logistics.

El peticionario adujo en la *Querella* que el señor Batista, (durante la semana comprendida entre el 5 y 10 de mayo de 2024), construyó sin su consentimiento, una caseta de madera techada de zinc en la referida propiedad. Por ello, solicitó al Tribunal Municipal una orden en contra del recurrido para que se abstenga de realizar cualquier acto de posesión o dominio sobre la finca descrita. Además, suplicó al amparo de la Ley Núm. 140, *supra*, que se establezca un estado provisional de derecho para proteger su derecho a la posesión, uso y disfrute de la finca, como lo ha hecho durante más de sesenta (60) años.

En reacción, el señor Batista instó una *Moción informativa desestimación y/o traslado,* y con ella, se sometió a la jurisdicción del Tribunal Municipal. En su escrito informó que no es residente de Puerto Rico, que no fue citado conforme a Derecho, que faltan partes indispensables y que el asunto sobre titularidad de la propiedad en disputa es de competencia de la Sala Superior del Tribunal de Primera Instancia.[2] Sobre tales bases, solicitó la desestimación de la *Querella* instada en su contra.

Atendido el referido petitorio, el Tribunal Municipal dejó sin efecto la vista previamente señalada para el 13 de junio de 2024 y ordenó al peticionario exponer su posición. En cumplimiento, el señor Vázquez Ortega acreditó su escrito en oposición. Indicó que, la orden de citación fue dirigida a Marcial Batista, a través de su hermana Mayra Batista. Arguyó que, tratándose de un remedio

---

[2] Apéndice, págs. 8-9.

provisional, la referida citación resultaba eficaz toda vez que, a su entender, no había que cumplir con la citación personal, según lo resuelto en *E.L.A. v. Molina Figueroa*, 186 DPR 461 (2012). Destacó que, la Ley Núm. 140, *supra,* constituye un remedio provisional que no se utiliza para adjudicar derechos propietarios.

De otra parte, según el peticionario, no procede acumular a una parte indispensable porque se trata de un remedio provisional que no afecta a los herederos. A lo antes añadió que, ha estado en posesión del inmueble en concepto de heredero de su difunta madre y de sus abuelos. Por ello, reiteró su súplica y solicitud de vista. En respuesta, el 29 de julio de 2024, el señor Marcial Batista presentó una *Réplica a oposición de desestimación* en la cual, entre otros asuntos, reiteró la postura previamente expuesta.

Justipreciado lo antes, el Tribunal Municipal determinó lo siguiente:

> Evaluando [sic] las alegaciones de las partes el Tribunal declara ha lugar la solicitud de desestimación. Se ordena el archivo del caso. Asunto deberá ser presentado ante la atención del Tribunal Superior.[3]

Posteriormente, el foro *a quo* denegó la oportuna solicitud de reconsideración interpuesta por el señor Vázquez Ortega, bajo el fundamento de que, es un "[a]sunto de la competencia [d]el Tribunal Superior."[4] Aún inconforme, el peticionario acude ante esta Curia e indica lo siguiente:

> Incurrió en grave y manifiesto error el Tribunal de Primera Instancia al determinar que carece de competencia para adjudicar la controversia bajo la Ley 140 sin haber celebrado una vista evidenciaría.

Mediante una *Resolución* emitida el 16 de diciembre de 2024, ordenamos al señor Marcial Batista exponer posición. Transcurrido mayor término al concedido sin que el recurrido haya comparecido, según advertido, procedemos sin el beneficio de su comparecencia.

---

[3] Apéndice, pág. 1.
[4] Apéndice, pág. 5.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias

específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG,* 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

**B. Ley Núm. 140**

El objetivo de la Ley Núm. 140, *supra,* es establecer un procedimiento de ley rápido, económico y eficiente a través del cual los jueces municipales puedan intervenir, investigar, ventilar y resolver provisionalmente las controversias ante sí.[5] A esos efectos, el Artículo 2 de la Ley Núm. 140, 32 LPRA sec. 2872, enumera las autoridades conferidas al Juez Municipal, entre ellas y en lo pertinente, el inciso (A) lo faculta a adjudicar "[c]ontroversias sobre colindancias y derecho de paso y controversias entre vecinos que afecten la convivencia y el orden social."

Con respecto al procedimiento a seguir previo a fijar un estado provisional de derecho, el foro de instancia deberá celebrar una vista en la cual habrá de escuchar a las partes. Artículo 3 de la Ley Núm. 140, 32 LPRA sec. 2873. Si estas desean presentar testigos, el Juez Municipal deberá fijar una fecha para la continuación de la vista en la cual escuchará a los testigos, permitirá su contrainterrogatorio y recibirá prueba pertinente. *Íd.* Si durante el curso de la vista el Juez Municipal no puede lograr la armonía entre las partes, deberá dictar una resolución pronunciándose sobre cuál de las partes a su entender probablemente tiene la razón. *Íd.* A tenor de lo anterior, fijará un estado provisional de derecho que será mandatorio entre las partes hasta tanto el asunto sea ventilado en el curso ordinario de la ley. *Íd.*

**III.**

En el presente recurso, el peticionario insta que revoquemos el dictamen recurrido, por entender que, el Tribunal Municipal incidió al desestimar su solicitud de estado provisional de derecho, sin previa celebración de vista. Le asiste la razón al peticionario.

---

[5] *Depto. de la Familia v. Ramos*, 158 DPR 888, 896-897 (2003).

Cabe puntualizar que, el Tribunal Municipal hizo constar en la *Resolución* impugnada que el Tribunal Superior es el foro con competencia para adjudicar el asunto de epígrafe. Sin embargo, resulta evidente del Artículo 2 de la Ley Núm. 140, *supra,* que el Tribunal Municipal goza de facultad y competencia para intervenir, investigar, ventilar y resolver -de forma provisional- controversias como la de autos en las cuales se le imputa a una parte interrumpir con el libre uso de una propiedad. A esos efectos, ante una *Querella* sobre un asunto cobijado bajo la Ley Núm. 140, *supra,* el Artículo 3 de dicho precepto obliga al Tribunal Municipal a celebrar una vista en la cual podrá constatar su jurisdicción sobre las partes. Además, en dicha audiencia, las partes expondrán en qué consiste la controversia entre ellos y los posibles remedios provisionales solicitados. En la eventualidad de que las partes deseen presentar testigos u otra prueba, dicho foro podrá fijar la continuación de la vista a esos fines.

Contrario a la normativa antes esbozada, en el presente caso, el Tribunal Municipal denegó la solicitud de estado provisional del peticionario, sin celebrar la vista que provee el Artículo 3 de la Ley Núm. 140, *supra.* Al así actuar, dicho foro se limitó a evaluar las mociones instadas ante sí, producto de lo cual adjudicó su credibilidad, sin antes escuchar los testimonios de las partes.

Sobre tales bases, concluimos que incidió el foro recurrido al dictaminar que, únicamente el Tribunal Superior es quien ostenta competencia para ordenar un remedio provisional. Por ello, el peticionario sostuvo que, el foro primario se equivocó al desestimar la solicitud de estado provisional de derecho, sin antes celebrar la vista de rigor. El error señalado se cometió.

Por los fundamentos expuestos, expedimos el auto de *certiorari,* revocamos el dictamen recurrido y devolvemos el asunto al Tribunal Municipal para que ordene la expedición de una nueva

orden de citación a las partes y la celebración de una vista, conforme las disposiciones de la Ley Núm. 140, *supra.* Ello, en aras de justipreciar la procedencia de un remedio provisional en este caso, pendiente la posible presentación de un pleito independiente sobre los méritos de los alegados conflictos de título, así como, sobre cualquier otra controversia sustantiva entre las partes.

Ciertamente, lo antes no prejuzga la determinación que en su día realice el Tribunal Municipal con respecto a la procedencia o no de un remedio provisional en el caso de epígrafe.

**IV.**

En virtud de lo anterior, expedimos el auto de *certiorari,* revocamos el dictamen impugnado y devolvemos la presente causa al Tribunal Municipal, quien habrá de expedir y notificar una nueva orden de citación a las partes envueltas en la presente causa, para una comparecencia ante sí, en cumplimiento con la Ley Núm. 140, *supra.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones