ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| TERESITA MERCADO BERRIOS<br><br>Recurrente<br><br>v.<br><br>CONSEJO DE TITULARES Y/O JUNTA DE DIRECTORES DEL CONDOMINIO PRIMAVERA<br><br>Recurrido | **TA2025RA00051** | *REVISIÓN ADMINISTRATIVA* procedente de San Juan<br><br>Caso Núm.: C-SAN-2024-0019594<br><br>Sobre: Ley de Condominios |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### **SENTENCIA**

En San Juan, Puerto Rico, a 12 de agosto de 2025.

Comparece ante este foro la Sra. Teresita Mercado Berríos (señora Mercado o "la recurrente") y nos solicita que revisemos la *Resolución Sumaria* emitida por el Departamento de Asuntos del Consumidor (DACo), notificada el 30 de abril de 2025. Mediante el referido dictamen, el DACo desestimó el reclamo de daños presentado por la recurrente, debido a que, carecía de jurisdicción.

Por los fundamentos que expondremos a continuación, **CONFIRMAMOS** la determinación recurrida.

### **I.**

El 30 de agosto de 2024, la señora Mercado, propietaria del apartamento número 522 del Condominio Primavera, presentó una *Querella* ante el DACo en contra de la Junta de Directores y/o Consejo de Titulares del Condominio Primavera, representada por la Presidenta, la Sra. Cristina Rovira (Junta o "parte recurrida"), entre

otros.[1] En esencia, alegó que desde el 2021 le notificó a la administración sobre problemas de filtraciones, dentro y fuera de su apartamento, además de invasión a su privacidad, debido a una cámara de seguridad del apartamento 532, la cual apunta hacia el área de estacionamiento de los titulares. Sostuvo que, solicitó ayuda de la Junta, sin embargo, que éstos sólo le indicaron el proceso a seguir, sin intervención alguna. Posteriormente, el 27 de marzo de 2025, la recurrente presentó una *Querella Enmendada*, para incluir a otros posibles querellados.[2]

El 11 de noviembre de 2024, la Junta presentó una *Solicitud de Desestimación*.[3] En síntesis, señalaron que el DACo carecía de jurisdicción, puesto que, el reclamo de la recurrente era entre vecinos. A su vez, confirmó que la señora Mercado tiene problemas de filtraciones en su apartamento, debido a problemas con el baño del vecino, por lo que, aun cuando entendían que el problema era privativo -entre vecinos-, se comunicaron con el titular del apartamento 532. Sin embargo, le hicieron la salvedad a la recurrente que debía reclamarle directamente a su vecino. En cuanto a la cámara de seguridad, alegaron que la señora Mercado no se había quejado previamente, no obstante, la cámara está en dirección al estacionamiento, donde no tiene una expectativa de privacidad. Por consiguiente, solicitaron la desestimación de la *Querella*.

El 17 de marzo de 2025, el DACo emitió una *Notificación y Orden*, donde le concedió un término de 10

---

[1] *Querella*, anejo I en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] *Querella Enmendada*, anejo 4 en SUMAC.
[3] *Solicitud de Desestimación*, anejo 1 de la oposición del recurso en SUMAC.

días a la recurrente para que mostrara causa por la cual no se debía declarar *Ha Lugar* la solicitud de desestimación.[4]

El 1 de abril de 2025, el DACo emitió una *Notificación de Informe de Inspección*.[5] El Técnico de Investigación, detalló que el apartamento tenía muchas deficiencias por infiltraciones de agua, provocando humedad en paredes, techo y otras superficies. Por ello, recomendó evaluación de un perito e implementación de un mantenimiento, para abordar el problema identificado y restaurar la habitabilidad de la residencia, así como asegurar su integridad. Finalmente, recomendó celebrar una vista administrativa.

Posteriormente, el 30 de abril de 2025, el DACo notificó la *Resolución Sumaria* objeto del presente recurso.[6] Mediante la cual, concluyó que no había controversia esencial sobre ningún hecho material, por lo que, procedía emitir una resolución resolviendo la reclamación por la vía sumaria. Así, consignó las siguientes determinaciones de hechos:

> 1. La parte querellante, Teresita Mercado Berrios es titular del apartamento 522 del condominio Primavera, ubicado en Bayamón, Puerto Rico. Advino titular de dicha propiedad mediante la escritura número 97, sobre compraventa, otorgada el 7 de diciembre de 2011 ante el notario Juan Carlos Ortega Torres.
>
> 2. El condominio Primavera está sometido al régimen de Propiedad Horizontal.
>
> 3. El 30 de agosto de 2024 la parte querellante presentó la querella de epígrafe, alegando la existencia de filtraciones en su apartamento cuyo origen es el apartamento vecino y solicitando la intervención de la parte querellada para atender dicha situación. Igualmente, la parte querellante alega que hay una cámara

---

[4] *Notificación y Orden*, anejo 2 en SUMAC.
[5] *Notificación de Informe de Inspección*, anejo 5 en SUMAC.
[6] *Resolución Sumaria*, anejo 8 en SUMAC.

en el exterior del edificio que afecta su privacidad.

4. El 30 de mayo de 2022, ante una queja de la parte querellante, la entonces abogada del condominio, Lcda. María de Lourdes Rivera Sostre le remitió un mensaje de texto al titular del apartamento vecino 532, Emanuel Colón. En el mismo le informaba de la queja presentada por la querellante sobre una filtración de agua que baja de su apartamento.

5. El 31 de mayo de 2022 la parte querellada remitió una carta a la parte querellante. En la misma le indicó que se llevaría a cabo una inspección de su apartamento.

6. El 2 de mayo de 2023, el plomero Ramón Diaz emitió un informe luego de haber realizado una inspección en el apartamento de la parte querellante. En el mismo se indicó que se tenía que remover el inodoro del apartamento 532, el cual ubica encima del apartamento de la parte querellante.

7. El 21 de mayo de 2023, la parte querellante mediante correo electrónico alegó a la parte querellada haber sufrido un incidente de filtración en su baño de su apartamento e indicó que su origen era por el baño del apartamento superior.

8. El 22 de mayo de 2023, la parte querellada a través de su administración contestó dicha comunicación y le indicó a la parte querellante que se comunicaría con el titular del apartamento 532.

9. El 2 de junio de 2023, la parte querellante dio seguimiento a la queja de filtración de su vecino mediante correo electrónico.

10. El 28 de agosto de 2023, la parte querellante se quejó con la administración que su vecino superior estaba usando el servicio sanitario y solicitó la intervención de la administración.

11. El 28 de agosto de 2023, la entonces abogada del condominio, Lcda. María de Lourdes Rivera Sostre remitió un correo electrónico al señor Emanuel Colón, titular del apartamento 532. En el mismo, se le solicitó que atendiera la filtración, toda vez que el asunto era una privativo o entre titulares.

12. El 29 de agosto de 2023, la abogada del condominio le escribió un correo electrónico a la parte querellante. En la misma se le indicó en síntesis que tenía

que reclamarle directamente a su vecino ya que era una situación privativa.

13. El 19 de octubre de 2023, la parte querellante envió un correo electrónico a la Junta de Directores, solicitando investigar la filtración.

14. El 10 de septiembre de 2024, la parte querellante remitió un correo electrónico informando un evento de explosión en su apartamento.

15. El 30 de agosto de 2024, la parte querellante presentó la querella de epígrafe ante este Departamento y alegó problemas de filtración con su vecino. Igualmente alegó que dicho vecino instaló una cámara de seguridad en la pared exterior de su apartamento, la cual apunta hacia el estacionamiento. La parte querellante no había reclamado previamente a la parte querellada sobre el asunto de la cámara de seguridad instalada.

16. La parte querellante no realiza en su querella ninguna alegación que indique que las filtraciones o humedad que adolece su apartamento provengan de un elemento común.

A tenor con las anteriores determinaciones, el DACo concluyó que las filtraciones que afectan al apartamento de la recurrente tienen su origen en el baño del apartamento 532, perteneciente al titular Emanuel Colón, por lo que, al ser un elemento privativo y no común, la Junta no tenía responsabilidad. Finalmente, en cuanto a la reclamación por la instalación de la cámara de seguridad, determinó que donde está ubicada enfoca el área del estacionamiento del edificio, donde la recurrente ni ningún titular tienen expectativa de privacidad. Por ello, procedió a desestimar la *Querella* por falta de jurisdicción, al ser el Tribunal de Primera Instancia, el foro indicado para que la recurrente instara su reclamación contra un titular.

En desacuerdo, el 20 de mayo de 2025, la señora Mercado presentó una solicitud de reconsideración.[7]

No obstante, transcurrido el término que provee la Ley sin que el DACo, el 3 de julio de 2025, la señora Mercado presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> Erro el DACO en desestimar sumariamente la querella que nos ocupa por falta de jurisdicción y no considerar el informe del Inspector de su propia agencia que recomienda se celebre una vista administrativa.

> Erro el Departamento del Consumidor en no ordenar que se notificara la Moción de Desestimación a la recurrente en contra de su propio Reglamento de Adjudicación, (Regla 28.1 Notificación de Escritos) y en contra de los postulados del debido proceso de ley.

El 10 de julio de 2025, emitimos una *Resolución* en la que le concedimos a la parte recurrida el término dispuesto en nuestro Reglamento, según enmendado, 2025 TSPR 42, para que presentara su alegato.

El 4 de agosto de 2025, la Junta compareció mediante *Oposicion al Recurso de Revisión Judicial*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

### -A-

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq.*, dispone sobre el alcance de la revisión judicial de las determinaciones de las agencias. Tanto la referida Ley, como la jurisprudencia aplicable, establecen que la función revisora de las decisiones administrativas concedida a

---

[7] *Reconsideración*, anejo 9 en SUMAC.

los tribunales apelativos consiste esencialmente en determinar si la actuación de la agencia fue dictada dentro de las facultades que le fueron conferidas por ley y si la misma es legal y razonable. *T-JAC, Inc. v. Caguas Centrum Limited*, 148 DPR 70, 80 (1999).

Al momento de revisar una decisión administrativa el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia. *Rebollo v. Yiyi Motors, Motors*, 161 DPR 69, 76 (2004). Conforme a lo cual, habrá que determinar si la actuación de la agencia fue arbitraria, ilegal, caprichosa o tan irrazonable que constituyó un abuso de discreción. *Mun. de San Juan v. CRIM,* 178 DPR 164, 175 (2010). Por lo tanto, la revisión judicial de una determinación administrativa se circunscribe a determinar si: (a) el remedio concedido por la agencia fue apropiado; (b) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo; y (c) si las conclusiones de derecho del ente administrativo fueron correctas, ello mediante una revisión completa y absoluta. Secc. 4.5 de la Ley Núm. 38-2017, 3 LPRA sec. 9675. Véase, además: *Torres Rivera v. Policía de PR,* 196 DPR 606, 626-627 (2016).

Por otra parte, nuestro Tribunal Supremo ha identificado circunstancias en que corresponde no observar la deferencia a las determinaciones administrativas. En específico, ha expresado que la deferencia cederá cuando: (a) la decisión no está basada en evidencia sustancial; (b) el organismo administrativo ha errado en la aplicación de la ley, y (c) ha mediado una actuación irrazonable o ilegal. *Acarón, et al v.*

*DRNA,* 186 DPR 564, 584 (2012); *Marina Costa Azul v. Comisión,* supra.

De otra parte, nuestro Tribunal Supremo en *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___ (2025), adoptó el razonamiento del Tribunal Supremo Federal en *Loper Bright Enterprises et al., v. Raimondo*, 603 US 369 (2024), 144 S.Ct. 2444, al contemplar la función que ha de asumir el foro judicial ante la revisión de las determinaciones administrativas. El Tribunal Supremo de Puerto Rico indicó que los jueces tienen un mandato legislativo de revisar las actuaciones administrativas, el cual se debe cumplir cabalmente. *Vázquez v. Consejo de Titulares*, supra. Añadió que, aunque en reiteradas ocasiones ha expresado que las conclusiones e interpretaciones de las agencias merecen gran deferencia y que su revisión judicial se limita a determinar si estas actuaron arbitraria o ilegalmente, no obstante, no equivale a una renuncia de nuestra función revisora. Por ello, concluyó que:

> […] la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales. Así, enfatizamos la necesidad de que los foros judiciales, en el ejercicio de su función revisora, actúen con el rigor que prescribe la LPAU, supra. Como corolario, al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos. No guiados por la deferencia automática a la que alude el DACo, sino que por los mecanismos interpretativos propios del Poder Judicial. *Íd*.

**-B-**

El Artículo 2 de la *Ley de Condominios de Puerto Rico* (Ley de Condominios), Ley Núm. 129-2020, 31 LPRA sec. 1921a, establece que, la ley se aprobó con el propósito, entre otros, de viabilizar la propiedad

individual sobre un apartamento, que forma parte de un edificio o inmueble sometido al Régimen de Propiedad Horizontal. A su vez, provee mecanismos para los conflictos inevitables que surgen del *modus vivendi* bajo un régimen de propiedad horizontal. *Srio. DACo v. J. Condóminos C. Martí*, 121 DPR 807, 814 (1988). Además, dispone la creación de un marco organizacional de un gobierno interno y canalización de los problemas de la vida comunitaria. *Íd.*, pág. 815. La ley detalla el marco organizacional del gobierno interno, cuyo organismo rector y deliberativo es el Consejo de Titulares que a su vez rige, según la Ley de Propiedad Horizontal, la escritura matriz y el reglamento. *Íd.*

De otra parte, la Junta de Directores es el órgano ejecutivo que dirige y supervisa la gestión administrativa del edificio de acuerdo con las directrices contenidas en la escritura, en el Reglamento y en los acuerdos del Consejo de Titulares. M. J. Godreau, *El Condominio: El Régimen de Propiedad Horizontal en Puerto Rico*, 3ª ed., San Juan, PR, Ediciones SITUM, 2023, pág. 235. La responsabilidad fundamental de la Junta de Directores es velar por el buen funcionamiento de los condominios logrando que se ejecuten las disposiciones de la ley, de la Escritura Matriz, del Reglamento del Condominio, así como los acuerdos que se hayan aprobado en reuniones debidamente convocadas por el Consejo de Titulares. *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407, 418 (2012).

La Ley de Condominios le encomendó a el DACo la rápida adjudicación de reclamos de los condómines relativos a la administración del edificio. *Consejo de*

*Titulares v. Gómez Estremera et al.*, supra, pág. 420. Se puede presentar ante el DACo, las acciones de impugnación de los acuerdos del Consejo de Titulares, de las determinaciones, actuaciones u omisiones del Director o de la Junta de Directores, relacionadas con la administración de inmuebles que comprendan por lo menos un apartamento destinado a vivienda. *Amil v. J. Dir. Cond. Pumarada*, 156 DPR 495, 500 (2002).

No obstante, el titular del inmueble puede acudir ante el DACo conforme a lo expresado en la Regla 23 del Reglamento de Condominios, Reglamento Núm. 9386 del 6 de junio de 2022, el cual dispone:

> […].
>
> II. El Departamento no tendrá jurisdicción para adjudicar querellas que surjan en condominios de uso exclusivamente comercial o profesional. En estos casos la jurisdicción corresponderá al Tribunal de Primera Instancia. **Igualmente quedarán excluidas de la jurisdicción del DACO, las querellas entre titulares** o cuando el Consejo de Titulares, el Director o la Junta de Directores presente una reclamación contra uno o varios titulares o residentes del condominio. **La jurisdicción para ventilar estas acciones corresponderá al Tribunal de Primera Instancia.** (Énfasis nuestro).

La Regla 27 del mencionado Reglamento provee para las adjudicaciones sumarias de querellas al instruir que "[e]l incumplimiento por parte del titular o grupo de titulares de cualquiera de los requisitos establecidos en la Ley o este Reglamento, facultarán al [DACo] a disponer sumariamente el archivo de la querella presentada".

El *Reglamento de Procedimientos Adjudicativos del DACo*, Núm. 8034 de 14 de junio de 2011, cuyo título explica por sí mismo su propósito, en su Regla 11 dispone lo siguiente:

> El departamento ordenará el cumplimiento de lo que proceda conforme a Derecho sin la celebración de vista administrativa, cuando luego de las partes haber hecho sus planteamientos y de haber evaluado la evidencia, no surja una controversia real de hechos. En tal caso, si una de las partes solicita reconsideración, se citará a vista en reconsideración siempre que se establezca la existencia de una controversia real sobre hechos pertinentes.

### III.

En el caso de autos, la señora Mercado solicita la revocación de la *Resolución Interlocutoria* notificada por el DACo el 30 de abril de 2025, en la cual declaró *Ha Lugar* la solicitud de desestimación de la Junta, por consiguiente, desestimó la *Querella* presentada por la recurrente por falta de jurisdicción.

En el recurso, la señora Mercado alega que incidió el DACo al desestimar sumariamente la *Querella* por falta de jurisdicción. Manifiesta que, el plomero que realizó la inspección indicó que tendría que remover el inodoro del apartamento de arriba, para ver la causa de la filtración y así corregirlo. A su vez, al ser las tuberías del condominio las que dan el servicio de agua a los apartamentos, es un elemento común que afecta a todos, y la Junta era negligente al no facilitar una resolución al problema. Finalmente, arguye que el manejo procesal del caso constituyó un abuso de discreción y violación al debido proceso de ley. En esencia, señala que el DACo ignoró sus mociones, al no brindarle oportunidad para expresarse sobre la moción de desestimación.

Por su parte, la Junta alega que la decisión del DACo fue justificada y el procedimiento administrativo respetó las garantías mínimas del debido proceso de ley. Asimismo, resalta que la agencia emitió una orden

concediéndole un término a la recurrente para que mostrara causa por la cual no debía desestimar la querella, lo cual no cumplió. En cuanto a la falta de jurisdicción, reitera que el DACo no tiene autoridad para resolver disputas entre titulares. Menciona que, realizaron gestiones para intervenir, sin embargo, la recurrente insistió en responsabilizarlos, cuando debió dirigir su reclamo contra el verdadero responsable y ante el foro correspondiente.

Conforme a la normativa antes expuesta, quedarán excluidas de la jurisdicción del DACO, las querellas entre titulares, por lo que, la jurisdicción para ventilar dicha acción corresponderá al Tribunal de Primera Instancia.

Del expediente se desprende que las filtraciones alegadas por la señora Mercado, provienen del baño del apartamento de otro titular, área que no constituye un elemento común del condominio. Por ello, la Junta no tiene la obligación de intervenir, tratándose de una controversia estrictamente entre titulares. A sí pues, la ley dispone que este tipo de reclamaciones corresponde ser ventilado ante el foro primario, y no ante el DACo.

En cuanto a la alegación de la señora Mercado sobre el manejo procesal del caso, surge que el DACo le concedió un término para que presentara su posición sobre la moción de desestimación, lo cual no hizo. En consecuencia, el procedimiento administrativo cumplió con las garantías de ley.

Consecuentemente, considerando que nuestra revisión se da sobre el dictamen y no sobre sus fundamentos, concluimos que la interpretación que

realizó el DACo sobre su jurisdicción es una razonable. A su vez, la recurrente no nos ha colocado en posición de concluir que la interpretación de la agencia y el consecuente dictamen sea irrazonable.

En vista de lo anterior, concluimos que no erró el DACo al desestimar la *Querella* por falta de jurisdicción.

**IV.**

Por los fundamentos expuestos anteriormente, **CONFIRMAMOS** la determinación recurrida.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones