DHALMA AMILL BRACER, peticionaria, *v.* JUNTA DE DIRECTORES DEL CONDOMINIO PUMARADA, recurrida.

*Número:* CC-2001-299          *Resuelto:* 4 de abril de 2002

---

*José Denis Rodríguez*, abogado de la parte peticionaria; *Clotilde Rexach Benítez*, abogada de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

En este recurso nos corresponde dilucidar si para ventilar una querella de un condómino ante el Departamento de Asuntos del Consumidor sobre una omisión de la Junta de Directores, es requisito jurisdiccional someter previamente dicha reclamación a la propia Junta de Directores. Por entender que ni la Ley de Propiedad Horizontal ni el Reglamento sobre Condominios del Departamento de Asuntos del Consumidor preveen tal requisito, revocamos.

I

La Sra. Dhalma Amill Bracer (en adelante señora Amill Bracer), propietaria del apartamento Núm. 1 del Condominio Pumarada, presentó una querella ante el Departamento de Asuntos del Consumidor (en adelante el D.A.Co.) contra la Junta del referido condominio. En su querella alegó que la titular del apartamento Núm. 2, la Sra. Teresa Pumarada, alteró la fachada del edificio con una construcción ilegal, que dicha construcción le causó daños y que la Junta nunca tomó las medidas necesarias para detener esta conducta.

Por su parte, la Junta de Directores alegó que el D.A.Co. carecía de jurisdicción para adjudicar la querella, aduciendo que el asunto nunca le fue formalmente presentado por la querellante. Sobre dicho particular, la señora Amill Bracer alegó que el condominio cuenta con sólo tres apartamientos. La presidenta, la Sra. Carmen Surillo, es tía abuela de la titular del apartamento Núm. 2, la señora Pumarada, quien a su vez es tesorera de la Junta. Alegó, además, que las señoras Surillo y Pumarada, en conjunto,

cuentan con un 61% de participación total del inmueble, lo que les otorga una mayoría en todas las decisiones que sólo necesitan de un voto mayoritario de los titulares, razón por la cual se hace fútil la presentación de la querella a la Junta de Directores.

En cuanto al planteamiento de falta de jurisdicción levantado por la Junta de Directores, el D.A.Co. sostuvo que quedó evidenciado que la Presidenta de la Junta de Directores tenía conocimiento de la realización de la construcción en cuestión y no tomó ninguna acción afirmativa para detenerla. Concluyó que tal conocimiento e inacción por parte de la señora Surillo, unido a la presentación y notificación de la querella presentada por la señora Amill Bracer, subsanó cualquier irregularidad en cuanto al procedimiento de reclamación de la querellante.

Así las cosas, el D.A.Co. procedió a celebrar la vista administrativa y ambas partes presentaron prueba testifical y documental. Luego del examen de rigor, dicha agencia determinó que las obras de construcción del referido apartamiento constituyeron en efecto una alteración ilegal que afectó la fachada del condominio. Entre las alteraciones efectuadas, el D.A.Co. determinó que la titular del apartamiento Núm. 2 realizó una construcción al lado oeste del edificio, que abrió un acceso hacia la azotea de los garajes y que dicha construcción causó grietas, filtraciones y otros daños al techo del apartamiento Núm. 1. Según las determinaciones de D.A.Co., eliminaron unas rejas laterales de una terraza, realizaron una construcción en cemento que sustituyó un techo de zinc por una pared de cemento e instalaron ventanas con lo cual cerraron dicha estructura. Además, derribaron parte de una pared de hormigón para crear una salida posterior por el techo de los garajes.

Asimismo, el D.A.Co. resolvió que no se cumplió con el requisito de obtener el consentimiento de los titulares para dicha alteración, según requerido por la Ley de Propiedad Horizontal. Concluyó que la señora Amill Bracer no ofreció

su consentimiento para la construcción de las obras antes indicadas. Por el contrario, su representante legal le notificó a la titular del apartamiento Núm. 2, mediante una carta certificada con acuse de recibo, que cesara de realizar las construcciones antes descritas. Sin embargo, se hizo caso omiso a dicho requerimiento.

Finalmente, el D.A.Co. ordenó a la Junta de Directores cumplir con las disposiciones de la Ley de Propiedad Horizontal y tomar las medidas para que los titulares del apartamiento devuelvan la fachada a su estado original. De este dictamen, la·Junta acudió al Tribunal de Circuito de Apelaciones que revocó la decisión tras concluir que el D.A.Co. carecía de jurisdicción para atender la referida querella, toda vez que originalmente no se sometió la reclamación frente a la Junta de Directores. Así, determinó que al obviar dicho procedimiento se incidió sobre la organización del gobierno interno y la sana convivencia del condominio.

Inconforme, acude ante nos la señora Amill Bracer y señala que erró el foro apelativo en su determinación sobre la ausencia de jurisdicción del D.A.Co. En esencia, señala que no es requisito jurisdiccional someter la querella a la Junta de Directores del Condominio.

Luego de expedir el auto solicitado y examinar las comparecencias de las partes, resolvemos.

## II

En síntesis, debemos determinar si un titular debe requerirle a la Junta de Directores que cumpla con los deberes que le impone la Ley de Propiedad Horizontal, antes de presentar una querella en el D.A.Co.

■ La Ley de Propiedad Horizontal, Ley Núm. 104 de 25 de junio de 1958 (31 L.P.R.A. 1291 *et seq.*), establece mecanismos para la tramitación de los inevitables conflictos dimanantes del modus vivendi de un condominio.

Véase *Srio. D.A.C.O. v. J. Condóminos C. Martí*, 121 D.P.R. 807 (1988). Además, establece el marco organizacional del gobierno interno, cuyo organismo rector y deliberativo es el Consejo de Titulares que a su vez rige, según la Ley de Propiedad Horizontal, la escritura matriz y el reglamento.

■ El Consejo de Titulares elige la Junta de Directores que tiene, entre otras facultades, el deber de

[a]tender todo lo relacionado con el buen gobierno, administración, vigilancia y funcionamiento del régimen y en especial lo relativo a las cosas y elementos de uso común y los servicios generales, y hacer a estos efectos las oportunas advertencias y apercibimientos a los titulares. Art. 38–D(a) de la Ley de Propiedad Horizontal, 31 L.P.R.A. sec. 1293b–4(a).

Además, debe "[c]umplir y hacer cumplir las disposiciones de [la Ley de Propiedad Horizontal], del reglamento y los acuerdos del Consejo de Titulares". 31 L.P.R.A. sec. 1293b–4(i).

■ La Ley de Propiedad Horizontal encomendó al foro administrativo, el D.A.Co., la rápida adjudicación de los reclamos que pudieran presentar los condóminos, relativos a la administración del edificio. Igualmente, le confirió jurisdicción exclusiva para entender en acciones de impugnación de los acuerdos del Consejo de Titulares, de las determinaciones, actuaciones u omisiones del Director o de la Junta de Directores, relacionadas con la administración de inmuebles que comprendan por lo menos un apartamento destinado a vivienda. Arts. 42 y 48 de la Ley de Propiedad Horizontal, 31 L.P.R.A. secs. 1293f y 1294. Véanse: *Srio. D.A.C.O v. J. Condóminos C. Martí*, supra; *First Fed. Savs. v. Asoc. de Condómines*, 114 D.P.R. 426, 434 (1983).

■ Además, el Reglamento sobre Condóminos del D.A.Co., Reglamento Núm. 2348 de 3 de marzo de 1978, promulgado al amparo de los poderes conferidos al D.A.Co. por el Art. 51 de la Ley de Propiedad Horizontal, 31

L.P.R.A. sec. 1294c, en su parte sobre querellas, sólo exige como requisito para que D.A.Co. obtenga jurisdicción que "el acuerdo, determinación, omisión o actuación en cuestión sea gravemente perjudicial para el titular que impugna". Sec. 18 del Reglamento sobre Condóminos. En ningún lugar se exige como condición para que el D.A.Co. pueda asumir jurisdicción que se presente la reclamación primeramente a la Junta.[1]

A la luz de esta normativa, pasemos a discutir la situación que tenemos ante nos.

## III

Como hemos mencionado, la Junta de Directores tiene el deber de atender todo lo relacionado con el buen gobierno, administración, vigilancia y funcionamiento del régimen y, en especial, lo relativo a las cosas y los elementos de uso común y los servicios generales, además de hacer a tales efectos las oportunas advertencias y apercibimientos a los titulares. La ley faculta a los condóminos para impugnar los acuerdos, determinaciones, actuaciones y omisiones de dicha Junta.

En el caso ante nos, la titular de un apartamiento del Condominio Pumarada alteró la fachada del condominio ilegalmente y la Junta no cumplió con su deber de tomar las medidas correctivas para detener la conducta ilegal. Además, aún después de ser notificado de la acción incoada en el D.A.Co., la Junta no hizo cumplir la Ley de Propiedad Horizontal.

No obstante, el foro apelativo sostuvo que como no se presentó una querella ante la Junta de Directores, no ha-

---

[1] La Sec. 19 del referido reglamento, relativa a los requisitos para presentar la querella ante la agencia, únicamente requiere que el querellante certifique "las gestiones realizadas por el querellante encaminadas a lograr que el Consejo de Titulares, la Junta de Directores, el Director o el administrador interino, según sea el caso, tome voluntariamente la acción correctiva que solicita". Sec. 19 del Reglamento sobre Condominios.

bía un dictamen que pudiera ser revisable por el D.A.Co. No podemos endosar esta posición. Primero, este caso no trata de la impugnación de un dictamen, sino que involucra una querella por omisión de la Junta. Segundo, ni la impugnación de un dictamen ni la de una omisión disponen como requisito la presentación previa de dicha reclamación a la Junta.

Precisamente, lo que cuestiona la señora Amill Bracer es la omisión de la Junta de Directores al no tomar las medidas contra la titular del apartamiento que alteró la fachada del condominio. De una lectura de la Ley de Propiedad Horizontal no podemos colegir que sea imprescindible querellarse frente a la Junta sobre su inacción frente a las violaciones de un titular al régimen de propiedad, para luego acudir al foro administrativo. Ninguna disposición de la Ley de Propiedad Horizontal exige dicho requisito. Además, el Reglamento sobre Condominios, en su parte sobre querellas, sólo exige como requisito para que el D.A.Co. obtenga jurisdicción que "el acuerdo, determinación, omisión o actuación en cuestión sea gravemente perjudicial para el titular que impugna".

Ciertamente, es deseable que el titular solicite en primera instancia a la Junta que corrija su inacción. No obstante, estimamos que no existe una exigencia en ley para ello. Corresponde a la Legislatura atender este asunto.

Por ende, *procede revocar la sentencia del tribunal apelativo y confirmar la resolución del D.A.Co.*

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Fuster Berlingeri concurrió sin opinión escrita. El Juez Asociado Señor Corrada Del Río disintió sin opinión escrita.