CC-2001-299                                                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Dhalma Amill Bracer<br>        Peticionaria<br><br>           v.<br><br>Junta de Directores<br>Condominio Pumarada<br>    Recurrida | Certiorari<br><br>2002 TSPR 38<br><br>156 DPR _____ |

Número del Caso: CC-2001-299


Fecha: 4/abril/2002


Tribunal de Circuito de Apelaciones:
                        Circuito Regional I


Juez Ponente:
                Hon. Roberto González Rivera


Abogado de la Parte Peticionaria:
                Lcdo. José Denis Rodríguez Morales


Abogada de la Parte Recurida:
                Lcda. Clotilde Rexach Benítez


Abogada del Departamento de Asuntos del Consumidor:
                Lcda. Mayra Martínez Pérez


Materia: Revisión Administrativa


      Este documento constituye un documento oficial del Tribunal
      Supremo que está sujeto a los cambios y correcciones del proceso
      de compilación y publicación oficial de las decisiones del
      Tribunal. Su distribución electrónica se hace como un servicio
      público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Dhalma Amill Bracer

  Peticionaria

       v.                        CC-2001-299    Certiorari

Junta de Directores
Condominio Pumarada

  Recurrida

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 4 de abril de 2002.

En el presente recurso nos corresponde dilucidar si para ventilar una querella de un condómino ante el Departamento de Asuntos del Consumidor sobre una omisión de la Junta de Directores, es requisito jurisdiccional someter previamente dicha reclamación a la propia Junta de Directores. Por entender que ni la Ley de Propiedad Horizontal ni el Reglamento sobre Condominios del Departamento de Asuntos del Consumidor contempla tal requisito, revocamos.

I

La señora Dhalma Amill Bracer (en adelante "Sra. Amill Bracer"), propietaria del apartamento número 1 del Condominio Pumarada,

presentó una querella ante el Departamento de Asuntos del Consumidor (en adelante "DACO") contra la Junta del referido condominio. En su querella alegó que la titular del apartamiento número 2, la Sra. Teresa Pumarada, alteró la fachada del edificio con una construcción ilegal, que dicha construcción le causó daños y que la Junta nunca tomó las medidas necesarias para detener esta conducta.

Por su parte, la Junta de Directores alegó que DACO carecía de jurisdicción para adjudicar la querella, aduciendo que el asunto nunca le fue formalmente presentado por la querellante.  Sobre dicho particular, la Sra. Amill Bracer alegó que el condominio cuenta con sólo tres apartamientos. La presidenta, la Sra. Carmen Surillo, es tía abuela de la titular del apartamiento número 2, la Sra. Pumarada, quien a su vez es tesorera de la Junta.  Alegó además, que la Sra. Surillo y Sra. Pumarada, en conjunto, cuentan con un 61% de participación total del inmueble, lo que les otorga una mayoría en todas las decisiones que sólo necesitan de un voto mayoritario de los titulares, razón por la cual, se hace fútil la presentación de la querella a la Junta de Directores.

En cuanto al planteamiento de falta de jurisdicción levantado por la Junta de Directores, DACO sostuvo que quedó evidenciado que la Presidenta de la Junta de Directores tenía conocimiento de la realización de la construcción en cuestión y no tomó ninguna acción afirmativa para detener la misma. Concluyó que tal conocimiento e inacción de parte de la Sra. Surillo, unido a la presentación y notificación de la querella radicada por la Sra. Amill Bracer, subsanó cualquier irregularidad en cuanto al procedimiento de reclamación de la querellante.

Así las cosas, DACO procedió a celebrar la vista administrativa y ambas partes presentaron prueba testifical y documental. Luego del examen de rigor, dicha agencia determinó que las obras de construcción del referido apartamiento constituyeron en efecto una alteración ilegal que afectó la fachada del condominio. Entre las alteraciones efectuadas, DACO determinó que la titular del apartamiento número 2 realizó una construcción al lado oeste del edificio, que abrió un acceso hacia la azotea de los garajes y

que dicha construcción causó grietas, filtraciones y otros daños al techo del apartamiento número 1. Según las determinaciones de DACO, eliminaron unas rejas laterales de una terraza, realizaron una construcción en cemento que sustituyó un techo de zinc por una pared de cemento e instalaron ventanas con lo cual cerraron dicha estructura. Además, derribaron parte de una pared de hormigón para crear una salida posterior por el techo de los garajes.

Asimismo, DACO resolvió que no se cumplió con el requisito de obtener el consentimiento de los titulares para dicha alteración, según requerido por la Ley de Propiedad Horizontal. Concluyó que la Sra. Amill Bracer no ofreció su consentimiento para la construcción de las obras antes indicadas. Por el contrario, su representante legal le notificó a la titular del apartamiento número 2, mediante carta certificada con acuse de recibo, que cesara de realizar las construcciones antes descritas. Sin embargo, se hizo caso omiso a dicho requerimiento.

Finalmente, DACO ordenó a la Junta de Directores cumplir con las disposiciones de la Ley de Propiedad Horizontal y tomar las medidas para que los titulares del apartamiento devuelvan la fachada a su estado original. De este dictamen, la Junta acudió al Tribunal de Circuito de Apelaciones que revocó la decisión tras concluir que DACO carecía de jurisdicción para atender la referida querella, toda vez que originalmente no se sometió la reclamación frente a la Junta de Directores. Así, determinó que al obviar dicho procedimiento se incidió sobre la organización del gobierno interno y la sana convivencia del condominio.

Inconforme, acude ante nos la Sra. Amill Bracer y señala que erró el foro apelativo en su determinación sobre la ausencia de jurisdicción de DACO. En esencia, señala que no es requisito jurisdiccional someter la querella a la Junta de Directores del Condominio.

Luego de expedir el auto solicitado y examinar las comparecencias de las partes, resolvemos.

II

En síntesis, debemos determinar si un titular debe requerirle a la Junta de Directores que cumpla con los deberes que le impone la Ley de Propiedad Horizontal, antes de radicar una querella en DACO.

La Ley de Propiedad Horizontal, Ley Núm. 104 de 25 de junio de 1958, 31 L.P.R.A. 1291 *et seq*, establece mecanismos para la tramitación de los inevitables conflictos dimanantes del *modus vivendi* de un condominio. Véase Srio. D.A.C.O v. Condóminos C. Martí, 121 D.P.R. 807 (1988). Además, establece el marco organizacional del gobierno interno, cuyo organismo rector y deliberativo lo es el Consejo de Titulares que a su vez rige, según la Ley de Propiedad Horizontal, la escritura matriz y el reglamento, *supra*.

El Consejo de Titulares elige la Junta de Directores que tiene, entre otras facultades, el deber de "[a]tender todo lo relacionado con el buen gobierno, administración, vigilancia y funcionamiento del régimen y en especial lo relativo a las cosas y elementos de uso común y los servicios generales, y hacer a estos efectos las oportunas advertencias y apercibimientos a los titulares". Art. 38-D(a), 31 L.P.R.A. sec. 1293b-4(a). Además, debe "[c]umplir y hacer cumplir las disposiciones de [la Ley de Propiedad Horizontal], del reglamento y los acuerdos del Consejo de Titulares". 31 L.P.R.A. sec. 1293b-4(i).

La Ley de Propiedad Horizontal encomendó al foro administrativo, DACO, la rápida adjudicación de los reclamos que pudieran presentar los condóminos, relativos a la administración del edificio. Igualmente, le confirió jurisdicción exclusiva para entender en acciones de impugnación de los acuerdos del Consejo de Titulares, de las determinaciones, actuaciones u omisiones del Director o de la Junta de Directores, relacionadas con la administración de inmuebles que comprendan por lo menos un apartamento destinado a vivienda. Arts. 42 y 48, 31 L.P.R.A. secs. 1293f y 1294. Véase Condóminos C. Martí, *supra*, First Fed. Savs. v. Asoc. de Condómines, 114 D.P.R. 426, 434 (1983).

Además, el Reglamento sobre Condóminos de DACO, Reglamento 2348 del 3 de marzo de 1978, promulgado al amparo de los poderes conferidos a DACO por la Ley de Propiedad Horizontal, 31 L.P.R.A. 1294c, en su parte sobre

querellas, sólo exige como requisito para que DACO obtenga jurisdicción que "el acuerdo, determinación, omisión o actuación en cuestión  sea gravemente perjudicial para el titular que impugna". Sección 18, Reglamentos sobre Condóminos. En ningún lugar, se exige como condición para que DACO pueda asumir jurisdicción que se presente la reclamación primeramente a la Junta.[1]

A la luz de esta normativa, pasemos a discutir la situación que tenemos ante nos.

III

Como hemos mencionado, la Junta de Directores tiene  el deber de atender todo lo relacionado con el buen gobierno, administración, vigilancia y funcionamiento del régimen y en especial lo relativo a las cosas y elementos de uso común y los servicios generales, además de hacer a tales efectos las oportunas advertencias y apercibimientos a los titulares.  La ley faculta a los condóminos para impugnar los acuerdos, determinaciones, actuaciones y omisiones de dicha Junta.

En el presente caso, la titular de un apartamiento del Condominio Pumarada alteró la fachada del condominio ilegalmente y la Junta no cumplió con su deber de tomar las medidas correctivas para detener la conducta ilegal. Además, aún después de ser notificado de la acción incoada en DACO, la Junta no hizo cumplir la Ley de Propiedad Horizontal.

No obstante, el foro apelativo sostuvo que como no se presentó una querella ante la Junta de Directores, no había un dictamen que pudiera ser revisable por DACO. No podemos endosar esta posición. Primero, este caso no trata de la impugnación de un dictamen, sino que envuelve una querella por omisión de la Junta. Segundo, ni la impugnación de un dictamen ni la de una omisión contemplan como requisito la presentación previa de dicha reclamación a la Junta.

---

[1] La Sección 19 del referido reglamento, relativa a los requisitos para radicar la querella ante la agencia, únicamente requiere que el querellante certifique "las gestiones realizadas por el querellante encaminadas a lograr que el Consejo de Titulares, la Junta de Directores, el Director o el administrador interino, según sea el caso, tome voluntariamente la acción correctiva que solicita." Sección 19, Reglamento sobre Condominios.

**Precisamente, lo que cuestiona la Sra. Amill Bracer es la omisión de la Junta de Directores al no tomar las medidas contra la titular del apartamiento que alteró la fachada del condominio. De una lectura de la Ley de Propiedad Horizontal, no podemos colegir que sea imprescindible querellarse frente a la Junta sobre su inacción frente a las violaciones de un titular al régimen de propiedad, para luego acudir al foro administrativo. Ninguna disposición de la Ley de Propiedad Horizontal exige dicho requisito. Además, el Reglamento sobre Condominios en su parte sobre querellas, sólo exige como requisito para que DACO obtenga jurisdicción que "el acuerdo, determinación, omisión o actuación en cuestión sea gravemente perjudicial para el titular que impugna".**

Ciertamente, es deseable que el titular solicite en primera instancia a la Junta que corrija su inacción. No obstante, estimamos que no existe una exigencia en ley para ello. Corresponde a la Legislatura atender este asunto.

Por ende, procede revocar la sentencia del tribunal apelativo y confirmar la resolución de DACO.

Se dictará la Sentencia correspondiente.


                         Federico Hernández Denton
                         Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Dhalma Amill Bracer

  Peticionaria

              v.                    CC-2001-299  Certiorari

Junta de Directores
Condominio Pumarada

  Recurrida


EN EL TRIBUNAL SUPREMO DE PUERTO RICO

SENTENCIA


San Juan, Puerto Rico, a 4 de abril de 2002.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se revoca el dictamen del Tribunal de Circuito de Apelaciones.


**Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Fuster Berlingeri concurre sin opinión escrita. El Juez Asociado señor Corrada del Río disiente sin opinión escrita.**



Carmen E. Cruz Rivera
Secretaria del Tribunal Supremo Interina