Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| HILDA MANGUAL VILLAFAÑE COMO HEREDERA DE LOS FINADOS ELISEO MANGUAL E HILDA VILLAFAÑE<br><br>Parte Apelante<br><br>v.<br><br>CONSEJO DE TITULARES DEL CONDOMINIO WILSON CARIBE 85; LYDIA E. COUVERTIER MARTÍNEZ<br><br>Parte Apelada | TA2026AP00107 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil núm. SJ2023CV03936<br><br>Sobre: Sentencia Declaratoria; Daños y Perjuicios; Acción Reivindicatoria |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de abril de 2026.

Comparece la parte apelante, Hilda Mangual Villafañe (Mangual Villafañe o apelante), y solicita que revoquemos la *Sentencia* emitida y notificada el 22 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala de San Juan (TPI). Mediante el referido dictamen, el TPI declaró con lugar las solicitudes de desestimación presentadas por la parte apelada y, en consecuencia, desestimó la demanda instada por Mangual Villafañe.

La parte apelada, compuesta por el Consejo de Titulares del Condominio Wilson Caribe 85 (Consejo), y la Sra. Lydia E. Couvertier Martínez (Couvertier Martínez) presentaron sus respectivos alegatos en oposición al recurso[1].

---

[1] Couvertier Martínez presentó *Oposición a Recurso de Apelación* el 25 de febrero de 2026 (Entrada 3 SUMAC TA). Por su parte el Consejo presentó *Alegato Parte Apelada Consejo de Titulares Condominio Wilson Caribe 85* el 3 de marzo de 2026 (Entrada 4 SUMAC TA).

Evaluado el recurso, así como el alegato en oposición de los apelados, y por los fundamentos que expondremos a continuación, confirmamos la sentencia apelada.

## I. Trasfondo fáctico y procesal

El 3 de mayo de 2023, Mangual Villafañe presentó una demanda sobre sentencia declaratoria, daños y perjuicios y acción reivindicatoria en contra del Consejo de Titulares del Condominio Wilson Caribe 85 y la Sra. Lydia E. Couvertier Martínez. En esta, la apelante expresó que tenía setenta (70) años de edad y que era dueña por herencia del Apartamento 302 (Apartamento) del referido condominio.

En síntesis, la apelante expuso que, el 23 de agosto de 2022, le cursó una carta al Consejo en la que les informó que era dueña por herencia del Apartamento y que rechazaba el cobro de las cuotas de mantenimiento atrasadas debido a que nunca le hicieron llegar las minutas que imponían las cuotas, derramas, seguros, y estados de cuenta a la Sucesión. En vista de ello, Mangual Villafañe señaló que las cuentas con más de cinco (5) años de atraso estaban prescritas. Asimismo, planteó que, a la suma de las cuotas de mantenimiento de los últimos cinco (5) años, había que descontarle una suma no menor de $200,000.00 en concepto de los daños continuados que el Condominio le había causado al no cumplir con su obligación legal de reparar los elementos comunes que sufrieron daños como consecuencia del huracán María. Por tanto, solicitó al TPI que declarara la prescripción extintiva de todas las cuotas de mantenimiento reclamadas por el Consejo, por este no haber hecho gestiones afirmativas de cobro y que se le ordenara abstenerse de cobrar las mismas. También solicitó se le ordenara al Consejo reparar los elementos comunes dañados y compensar a la apelante con una suma no menor de $350,000.00 por los daños que sufrió su propiedad. También exigió que se le ordenara al Consejo que le

entregara copia de la llave del elevador y la combinación del *beeper* de la entrada al estacionamiento. En cuanto a las reclamaciones relacionadas a la falta de acceso al elevador y a la combinación del *beeper* del portón, la apelante expresó que las actuaciones del Consejo violaban las disposiciones de la Ley de Condominios[2], el *Fair Housing Act*[3] y la *American with Disabilities Act*[4] (Ley ADA). También alegó que las actuaciones del Consejo se consideraban barreras arquitectónicas y constituían discrimen por edad conforme dispuesto en la *Carta de Derechos y la Política Pública del Gobierno a Favor de los Adultos Mayores*, Ley Núm. 121-2019[5] (Ley 121-2019). También alegó un patrón de hostigamiento económico y psicológico por parte del Consejo, por lo que reclamó una indemnización en daños por no menos de $100,000.00.

Por otro lado, la apelante arguyó que la codemandada Couvertier Martínez tomó posesión de mala fe del estacionamiento correspondiente al Apartamento, por lo que la privó del uso y disfrute de su propiedad. Por ello, Mangual Villafañe solicitó al TPI que ordenara la entrega de la posesión del estacionamiento en cuestión y que se le imponga a Couvertier Martínez el pago de una indemnización por una suma no menor de $50,000.00 por el uso no autorizado del referido estacionamiento durante los pasados diez (10) años.

Luego de varios incidentes procesales, el 13 de septiembre de 2023, la codemandada Couvertier Martínez presentó una *Moción de Desestimación*[6]. En síntesis, alegó que Mangual Villafañe había incurrido en un patrón de persecución maliciosa a través de

---

[2] Ley Núm. 129 del 16 de agosto de 2020, 31 LPRA § 1921 *et seq.*
[3] 42 U.S.C. §§ 3601–3619.
[4] Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 (1990).
[5] 8 LPRA § 1511 *et seq.*
[6] Entrada 13 SUMAC TPI. Junto con su escrito, Couvertier Martínez acompañó los siguientes documentos: Anejo 1: SJL140 2023-2931, Resolución; Anejo 2: Estudio de Título-9 de agosto de 2011; Anejo 3: SJ2023CV01452-Resolución declaratoria de herederos; Anejo 4: SJ2023CV01452-Petición declaratoria de herederos; Anejo 5: Carta del Sr. Rubén Rosa Campo.

múltiples pleitos judiciales en su contra y que el reclamo en su contra era frívolo y temerario. Señaló que la apelante nunca ha vivido en el inmueble y que no fue dueña por herencia hasta el 2023. Couvertier Martínez negó haber hecho uso del estacionamiento de Mangual Villafañe por los pasados diez (10) años, por lo que no procedía compensación alguna. Por último, planteó que no existía nexo causal entre los daños reclamados y las alegadas actuaciones imputadas en su contra[7].

Por su parte, el 19 de septiembre de 2023, el Consejo presentó *Moción en Solicitud de Desestimación Parcial respecto al Consejo de Titulares del Condominio Wilson Caribe por falta de jurisdicción*[8]. En síntesis, el Consejo señaló que, conforme establece el Artículo 65 de la *Ley de Condominios de Puerto Rico*[9] (Ley de Condominios), el foro con jurisdicción primaria y exclusiva para atender las controversias planteadas por la apelante era el Departamento de Asuntos del Consumidor (DACo), por lo que el TPI carecía de jurisdicción, y, por consiguiente, procedía la desestimación de la demanda en su contra.

En respuesta, el 12 de octubre de 2023, Mangual Villafañe presentó dos escritos[10] en oposición a las respectivas solicitudes de desestimación de los apelados. Tanto Couvertier Martínez como el Consejo, solicitaron prórroga para replicar las oposiciones presentadas por la demandante[11]. El TPI no autorizó los escritos de réplica y dio por sometidas las solicitudes de desestimación y escritos en oposición.

El 22 de diciembre de 2025, el TPI emitió y notificó la *Sentencia* apelada[12]. En esta, el foro *a quo* resolvió que la causa de

---

[7] Al día siguiente, Couvertier Martinez contestó la demanda. Entrada 14 SUMAC TPI.

[8] Entrada 15 SUMAC TPI.

[9] Ley Núm. 129 del 16 de agosto de 2020, 31 LPRA § 1921 *et seq.*

[10] Entrada 18, *Moción en Oposición a la Solicitud de Desestimación presentada por el Consejo de Titulares del Condominio W[i]lson Caribe;* y Entrada 19, *Moción en Oposición a la solicitud de desestimación presentada por la Sra. Lydi[a] E. Couvertier Martínez.*

[11] Entrada 20 y 21, respectivamente.

[12] Entrada 43.

acción contra Couvertier Martínez era improcedente, pues, por admisión de la propia apelante, esta no residía en el Apartamento, por lo que no demostró tener una alegación plausible en contra de Couvertier Martínez que le confiriera derecho a remedio alguno. Por consiguiente, desestimó la reclamación contra Couvertier Martínez.

En cuanto a la reclamación contra el Consejo de Titulares, el TPI resolvió que las alegaciones sobre las acciones u omisiones del Consejo se encontraban preceptuadas bajo las instancias en que el Artículo 65 de la Ley de Condominios, *supra,* le confería jurisdicción primaria y exclusiva a DACo. En ese sentido, el foro primario coligió que el hecho de que Mangual Villafañe alegara que su demanda se amparaba en otras disposiciones legales, tales como el Código Civil, así como el Fair Housing Act, la Ley ADA y la Ley 121-2019, no alteraba el hecho de que los reclamos de su causa de acción debían ventilarse ante DACo, por ser el foro con jurisdicción primaria y exclusiva. En específico, el foro *a quo* determinó que la demanda carecía de alegaciones de que los demandados hubiesen incurrido en prácticas discriminatorias de vivienda (*discriminatory housing practice),* conforme definido en el *Fair Housing Act*, y que la apelante tampoco alegó padecer de algún impedimento que activara las protecciones de la Ley ADA. Asimismo, señaló que la Ley 121-2019 era una ley de carácter general, mientras la Ley de Condominios era una ley de carácter especial, por lo cual esta prevalecía sobre la ley general. En vista de lo anterior, el TPI concluyó que los reclamos de la apelante debían evaluarse al amparo de la Ley de Condominios. Por ende, el TPI concluyó que, aun tomando como bien hechas las alegaciones de la demanda, el foro con jurisdicción era DACo, razón por la cual desestimó la causa de acción contra el Consejo, por falta de jurisdicción.

El 5 de enero de 2026, Mangual Villafañe solicitó reconsideración[13] a la que Couvertier Martínez se opuso el 8 de enero de 2026[14]. El 20 de enero de 2026, el TPI denegó la solicitud de reconsideración[15].

Inconforme, Mangual Villafañe acude ante nos vía apelación y formula los siguientes señalamientos de error:

1. Erró el TPI al desestimar la demanda contra el Consejo de Titulares del Condominio Wilson Caribe 85 por alegada falta de jurisdicción.

2. Erró el TPI al desestimar la demanda contra la Sra. Couvertier por alegadamente carecer de una relación plausible que justifique que el demandante tiene derecho a un remedio.

El 25 de febrero de 2026, Couvertier Martínez presentó *Oposición a Recurso de Apelación.* Por su parte el Consejo presentó *Alegato Parte Apelada Consejo de Titulares Condominio Wilson Caribe 85* el 3 de marzo de 2026. Con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

**II. Exposición del Derecho**

**A. Jurisdicción sobre la materia**

Los tribunales tienen la responsabilidad de examinar su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración.[16] La jurisdicción se refiere al "poder o la autoridad de un tribunal para considerar y decidir casos o controversias".[17] Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay.[18] Por consiguiente, los foros judiciales de Puerto Rico tienen autoridad para atender cualquier causa de acción, salvo que no tengan jurisdicción sobre la materia.[19]

---

[13] Entrada 44 SUMAC TPI.
[14] Entrada 45 SUMAC TPI.
[15] Entrada 46 SUMAC TPI.
[16] *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019).
[17] *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).
[18] *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022).
[19] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).

La jurisdicción sobre la materia "se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal".[20] "[P]ara privar a un 'tribunal de jurisdicción general' de su actividad para entender en algún asunto en particular, es necesario que así se haya dispuesto expresamente en algún estatuto o que ello surja del mismo por implicación necesaria".[21] La ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Beltrán Cintrón et al v. ELA et al*, 204 DPR 89, 101-102 (2020).

Si un tribunal carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia.[22]

### B. Ley de condominios y jurisdicción de DACo

El Artículo 2 de la *Ley de Condominios de Puerto Rico* (en adelante, *Ley de Condominios*), Ley Núm. 129-2020, 31 LPRA sec. 1921a, establece que, la ley se aprobó con el propósito, entre otros, de viabilizar la propiedad individual sobre un apartamento, que forma parte de un edificio o inmueble sometido al Régimen de Propiedad Horizontal. La *Ley de Condominios* provee mecanismos para los conflictos inevitables que surgen del *modus vivendi* bajo un régimen de propiedad horizontal.[23] Asimismo, otro propósito que tiene la ley es la creación de un marco organizacional de un gobierno

---

[20] J.A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, [s.l.], [ed. del autor], 2010, pág. 25.

[21] D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme 582 (3ra ed. 2013).

[22] *Mun. de San Sebastián v. QMC Telecom,* supra, a la pág. 660.

[23] *Srio. DACO* v. *J. Condóminos C. Martí,* 121 DPR 807, 814 (1988).

interno y canalizar los problemas de la vida comunitaria.[24] La ley detalla el marco organizacional del gobierno interno, cuyo organismo rector y deliberativo es el Consejo de Titulares que a su vez rige, según la Ley de Propiedad Horizontal, la escritura matriz y el reglamento.[25]

De otra parte, la Junta de Directores es el órgano ejecutivo que dirige (o la persona, en caso del Director), y supervisa la gestión administrativa del edificio de acuerdo a las directrices contenidas en la escritura, en el Reglamento y en los acuerdos del Consejo de Titulares.[26] La responsabilidad fundamental de la Junta de Directores es velar por el buen funcionamiento de los condominios logrando que se ejecuten las disposiciones de la ley, de la Escritura Matriz, del Reglamento del Condominio, así como los acuerdos que se hayan aprobado en reuniones debidamente convocadas por el Consejo de Titulares.[27]

La *Ley de Condominios* le encomendó a DACo la rápida adjudicación de reclamos de los condómines relativos a la administración del edificio.[28] Se puede presentar ante DACo, las acciones de impugnación de los acuerdos del Consejo de Titulares, de las determinaciones, actuaciones u omisiones del Director o de la Junta de Directores, relacionadas con la administración de inmuebles que comprendan por lo menos un apartamento destinado a vivienda.[29]

El Artículo 65 de la *Ley de Condominios*, 31 LPRA sec. 1923j, dispone un término para impugnar las acciones de la Junta de Directores y determinaciones del Consejo de Titulares. Dicho artículo expresa que:

---

[24] *Íd.*, pág. 815.
[25] *Íd.*
[26] M. J. Godreau, *El condominio: el régimen de propiedad horizontal en Puerto Rico*, 3era ed., San Juan, PR, Ediciones SITUM, 2023, pág. 235.
[27] *Consejo Titulares* v. *Gómez Estremera et al.*, 184 DPR 407, 418 (2012).
[28] *Consejo Titulares* v. *Gómez Estremera et al.*, supra, pág. 420.
[29] *Amil v. J. Dir. Cond. Pumarada*, 156 DPR 495, 500 (2002).

Las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares en los siguientes supuestos:

(a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;

(b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;

(c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.

Los titulares que sean dueños de apartamentos en condominios que sean dedicados exclusivamente a uso comercial, tendrán que presentar la impugnación ante el Tribunal de Primera Instancia, el cual tendrá jurisdicción primaria y exclusiva. **En el caso que los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor, así como cualquier reclamación presentada en contra del agente administrador**.

Para todo tipo de impugnación se tendrán treinta (30) días contados a partir de la fecha en que se tomó dicho acuerdo o determinación, si se hizo en su presencia, o dentro de los treinta (30) días siguientes a la fecha en que recibe la notificación del acuerdo, si el titular afectado no estuvo presente en el momento en que se llegó a tal acuerdo o determinación.

En el caso de que la acción de impugnación de acuerdos, acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador o del Consejo de Titulares, constituyan violaciones a las disposiciones de esta Ley, de la escritura matriz o del reglamento del condominio, **prescribirá a los dos (2) años**. El término se computará a partir de la fecha en que se tomó la acción, omisión o acuerdo si fue en la presencia del titular o a partir de la notificación de este si no fue en su presencia. El acuerdo tiene que haberse notificado conforme a las disposiciones de esta Ley.

(...)

El término para ejercer la impugnación dependerá del supuesto bajo el que se presente. Si se trata de una impugnación de acuerdos, acciones u omisiones que constituyan una violación a la *Ley de Condominios, supra,* la acción prescribirá a los dos (2) años. Cónsono con lo anterior, la Regla 23 del *Reglamento de Condominios*, Reglamento Núm. 9386, pág. 19 (Reglamento Núm. 9386) establece que:

Las acciones u omisiones de la Junta de Directores, Administrador Interino, Agente Administrador, Sindico, así como los acuerdos del Consejo de Titulares podrán ser

impugnados ante el Departamento por los titulares en los siguientes supuestos:
(a) Cuando sean contrarios a la Ley de Condominios de Puerto Rico, la escritura matriz, el reglamento del condominio y a este Reglamento.
(b) Cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular.
(c) Cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.

### C. La Regla 10.2 de Procedimiento Civil

Las *alegaciones* son "los escritos mediante los cuales las partes presentan los hechos en que apoyan o niegan sus reclamaciones o defensas".[30]  Su propósito es "notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes".[31]  Por tanto, cualquier alegación mediante la cual una parte solicite un remedio – por ejemplo, una demanda – incluirá una relación sucinta y sencilla de los hechos que demuestran que procede el remedio solicitado y la solicitud del remedio que se alega debe concederse.[32]

Por su parte, la Regla 10.2 de Procedimiento Civil[33], permite que un demandado en una demanda, reconvención, demanda contra coparte, o demanda contra tercero, solicite al tribunal la desestimación de las alegaciones en su contra.  La mencionada regla establece lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
> (1) falta de jurisdicción sobre la materia;
> (2) falta de jurisdicción sobre la persona;
> (3) insuficiencia del emplazamiento;
> (4) insuficiencia del diligenciamiento del emplazamiento;
> **(5) dejar de exponer una reclamación que justifique la concesión de un remedio;**
> (6) dejar de acumular una parte indispensable.[34]

---

[30] *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043, 1061 (2020), citando a R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, Sec. 2202, pág. 279.
[31] *Íd.,* pág. 1062.
[32] Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1.
[33] 32 LPRA Ap. V, R. 10.2.
[34] *Íd.* (Énfasis suplido).

A los fines de disponer de una moción de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y considerarlos de la manera más favorable a la parte demandante.[35] Dentro del ejercicio de su discreción, el foro primario no deberá desestimar la demanda a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación.[36] Es decir, la desestimación procede cuando de los hechos bien alegados en la demanda no se puede identificar una relación entre los hechos alegados y el derecho sustantivo que genera la responsabilidad del demandado hacia el demandante.[37] Cónsono con lo anterior, a pesar de interpretar liberalmente la demanda, corresponde la desestimación si no hay remedio alguno disponible en nuestro estado de derecho.[38]

Por consiguiente, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida.[39] Así pues, para que un demandado prevalezca cuando presente una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* debe establecer con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda probarse en apoyo a su reclamación,

---

[35] *Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523, 533 (2024); *Eagle Security v. Efrón Dorado et al,* 211 DPR 70, 78 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384, 396 (2022); *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank,* 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA,* 189 DPR 1033, 1049 (2013).

[36] *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 DPR 497, 505 (1994).

[37] *Torres, Torres* v. *Serrano Torres,* 179 DPR 481, 501 (2010).

[38] *Ortiz Matías et al.* v. *Mora Development,* 187 DPR 649, 654 (2013).

[39] *Costas Elena y otros v. Magic Sport y otros,* supra, pág. 534; *Eagle Security v. Efrón Dorado et al,* supra, pág. 78; *Cobra Acquisitions v. Mun. de Yabucoa et al.,* supra, pág. 396; *Pressure Vessels P.R. v. Empire Gas P.R.,* supra, pág. 505.

aun interpretando la demanda de la forma más liberal posible a su favor.[40]

### III.    Aplicación del Derecho a los Hechos

En su primer señalamiento de error, Mangual Villafañe plantea que el foro primario erró al desestimar la demanda contra el Consejo de Titulares por falta de jurisdicción y concluir que DACo es quien tiene jurisdicción primaria y exclusiva sobre las controversias alegadas en la demanda. Basa su argumento en que sus reclamaciones contra el Consejo versan sobre actos culposos o negligentes causantes de daños y perjuicios cuyo remedio nace del Código Civil, así como hechos constitutivos de infracciones a las legislaciones federales como el *Fair Housing Act* y *American with Dissabilites Act* y la Ley 121-2019 sobre derechos que cobijan a las personas de edad avanzada. No nos convence su argumento.

De una lectura de las alegaciones de la demanda se desprende que la causa de acción contra el Consejo se relaciona con la inconformidad de la apelante con los acuerdos del Consejo en cuanto a minutas, derramas y el cobro de cuotas de mantenimiento, así como el uso y reparación de elementos comunes, supuestos que están contemplados en las instancias que el Artículo 65 de la Ley de Condominios le confiere jurisdicción primaria y exclusiva a DACo. Como bien resolvió el foro apelado, aun cuando Mangual Villafañe arguyó que las alegaciones contenidas en la demanda no se hicieron exclusivamente al amparo de la Ley de Condominios, sino que también se basaron en legislación estatal y protectora, ello no altera el hecho de que su reclamo debe ventilarse en el foro con jurisdicción primaria exclusiva, según dispuesto por ley. En efecto, en el dictamen apelado, el foro *a quo* determinó que la demanda carecía de alegaciones de que el Consejo hubiese incurrido en una práctica

---

[40] *Costas Elena y otros v. Magic Sport y otros,* supra, pág. 534.

de vivienda discriminatoria según definida en la legislación federal aplicable. También destacó que no surgían alegaciones en la demanda de que la apelante padeciera de algún impedimento que activara las protecciones contenidas en la Ley ADA. Además, el TPI concluyó que las "meras alegaciones" sobre el acceso al elevador del condominio no eran suficientes como para concluir que dicha controversia no se relacionaba a determinaciones del Consejo bajo la jurisdicción primaria y exclusiva de DACo. En vista de lo anterior, concluimos que no se cometió el error señalado y que el foro apelado actuó correctamente al desestimar la reclamación contra el Consejo.

En relación con el segundo señalamiento de error, Mangual Villafañe plantea de forma somera que el TPI erró al desestimar la reclamación contra Couvertier Martínez al concluir que la apelante carecía de una reclamación plausible contra esta. No tiene razón.

Conforme resolvió el foro *a quo*, la única alegación en contra de Couvertier Martínez versaba sobre una supuesta posesión de mala fe del estacionamiento del apartamento por un periodo de diez (10) años—periodo durante el cual Mangual Villafañe no era la dueña de la propiedad y no residía en la misma. Por ello, el foro primario correctamente determinó que, aun tomando como cierta la alegación formulada contra Couvertier Martínez, la apelante no tenía una reclamación plausible contra esta pues en ese momento la apelante no era la dueña registral del inmueble, por lo que no tiene reclamación que le confiera derecho a un remedio. En fin, no se cometieron los errores señalados, por lo que se confirma la Sentencia apelada.

**IV.    Parte Dispositiva**

Por los fundamentos que anteceden, se confirma la Sentencia apelada.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones